Judge Coalter.
This is a suit on a note a short time before the passage of the act changing the rate of interest from 5 to 6 per cent. The defendant confessed judgment for the debt and interest, without stating the rate, and the clerk, by mistake, in entering the judgment, gave interest at the rate of 6 per cent. A supersedeas was awarded by a judge of this court, since the late act of assembly authorising amendments of judgments, by application to the court below, at a subsequent term, or to the judge in vacation. Two questions therefore arise :
1. Whether this is a mere clerical mistake, at all times amendable on motion before the court where the judgment was entered, and consequently perhaps, not a case proper for this court.
2. Whether, if it is not such a clerical error, it is nevertheless such an error as might and ought to be amended, under the late act of assembly.
I think it is a clerical error, and was always amendable in the court below, on motion.
In the ease of Gordon vs. Frazier,(d) the suit was on a tobacco bond, on which credits were endorsed, and on which also there was a memorandum signed by the obligee, agreeing to receive tobacco of another inspection than those mentioned in the body of the bond. When the cause was called for trial, the plea was withdrawn, and judgment entered by nil dic'd, without either giving the proper credits, or noticing the other endorsements mentioned on the back of the bond. This was considered a clerical error as to both omissions, amendable on motion.
The act authorising judgments to he entered for the principal sum due, with interest thereon, says nothing *30 about credits yet under the equity of that statute, it has always been the practice and duty of the clerk to enter the credits ; and'so I presume it was considered his duty, in this case, to notice the endorsement relative to the other inspection, though that was a question of law of more doubt than the present, as it appears that the district court itself erred as to it on the writ of error coram nobis, which was brought in that court to correct those errors. If it was the duty of the clerk under a sound construction of the act, to notice those things on entering the judgment in that case, it would seem to me to be, a fortiori, his duty to notice the proper rate of interest in this case, the law expressly saying, that the judgment shall be entered for the principal sum due with the interest. I presume, that neither in that nor in this case, there would have been any doubt as to the nature of the error, and the power of the court to correct on motion, had they both been office judgments ; but it was contended there, as it is here, that the error was in the judgment of the court. To this the president of the court answers: “ In form it (i is so, and though the proceedings, as drawn up by the “ clerk, are read over in court, and where there has been íe a trial, the same are then corrected, yet this is not done ie when a judgment is confessed, as it w’as here, for in such “ case the act of assembly furnishes the rule by which the S( clerk is to enter up his judgment.”
“ There is no doubt but. the court may amend, upon « motion, where a mistake is committed by their clerk, if “ there be, as in this case there was, something to amend « by.” The thing to amend by there, was the bond with its endorsements : the thing here, is the note bearing date before the change of the rate of interest.
If this was sufficient to amend by, in case of an office judgment, I cannot see why it shall not be equally proper to amend by, after confession of judgment, if that is no more the judgment of the court, as I understand to be clearly decided by the above case, than an office judgment.
*31 The case of Brooke vs. Roane,(e) does not, in my opinion, overrule the above case. That was a motion on a delivery bond taken a year after the change of the. rate of interest. The case is very shortly reported ; but I collect from it, that the execution was on a judgment bearings per cent., but that in consequence of the delivery bond being taken after the change, and being in the nature of a new judgment, the district court thought it ought to bear six per cent. Whether there was a bill of exceptions stating this point, does not appear from the report: but he this as it may, there must have been a trial and an'inspection of the bond and execution by the court, even if the defendant did not appear to make defence. This court reversed the judgment, and entered it for 5 per cení., 44 considering the bond not as a new contract (in which «‘the concurrence of both parties is necessary, but as a 44 measure legally imposed on the creditor in pursuit of 44 his execution on his former judgment, which bore an in-44 terest of 5 per cent, only.”)*
But suppose this a case of mere clerical error, amend, able elsewhere, what ought to be done with it here, should the appellee not be considered as entitled to the benefit of the late act of assembly ?
We cannot affirm the judgment as it now stands $ because that would preclude an amendment below. If we reverse, then we take jurisdiction of a case in which the party had remedy elsewhere, in the nature of an original remedy, and I would assimilate it to a case of an application to this court to quash an execution for irregularity, not preceded by a motion for that purpose in the court below ; and 1 should therefore incline to think, that the correct course would be, to dismiss the supersedeas as ins-providently awarded.
*32 ^is difficulty, perhaps, may be obviated by the provisions of the late act of assembly. That act, I consider, extends as well to previous, as subsequent judgments.
In cases of clerical errors, it gave no new remedy by motion in court; but it gave a remedy by motion to the judge in vacation, and in either case makes such amendment so far a part of the original judgment, as that, by being certified to this court, on certiorari, we can affirm such amended judgment; thereby giving damages and costs against the party, who has thus improperly resorted to this tribunal.
It may be said, however, that the appellee here has not brought himself within the provisions of this act by having procured such amendment, and applying for a certiorari.
I consider, however, that this act is not only remedial, but highly beneficial, and ought to be applied, according to its spirit, wherever it can : and as this is the first case arising under it, and as a supersedéas was awarded by a judge of this court, which may have been the first notice the party had of this alledged error, I would excuse him for not applying, in the first instance, to the court or judge below, who might perhaps have felt a delicacy in proceeding, as a supersedeas had been awarded by a judge of this court: a very prudent delicacy indeed, if there is any doubt of the propriety of my opinion. I should, therefore, after intimating my opinion that it could be so corrected, give him time, before a final decision, to make that application.
2. But if I am wrong in believing this to be a mere clerical error, does not the act in question extend to errors not merely clerical ?
Suppose the case before us was not that of Bent vs. Patten, but of Gordon vs. Frazier, &c.; that it had been a judgment since the act, and not by confession, but after a verdict; and that the clerk, in entering the judgment, had been guilty of the same omissions which took place in *33 that case ,* this would not be a clerical error, being after a J trial: but it would be clearly an oversight or mistake, both by the clerk and the court, and Hiere being among the papers a bond by which this mistake could be safely amended, the case would be within the provisions of this act, and I would give the, party time, as above suggested, to avail himself of it. But, if I have succeeded in shewing that the note, in this case is a paper in the record by which an office judgment could be safely corrected, even if 1 have failed in shewing it is a clerical error; but ado itting that the case of Gordon vs. Frazier has been overruled as to that point, yet if that case could now bé corrected, alter verdict, I cannot perceive, under a liberal construction of the act, if not under its very words, this may not. it is true, that the acl, in reciting the mistakes occurring in the courts, speaks of those arising from 44 miscalculation 44 or misrccital of any sum or sums of money, tobacco, 44 wheat, or other such thing, or of any name or names ;” yet the very use of the words 44 or other such thing,” shews, that every mistake was not intended to be set out; and even if those words were not there, it is not necessary for me to refer to that numerous class of adjudications which extend remedial statutes to such cases as are equally within the mischief. We all know7, that mistakes of this kind do occur; and the delays of justice, and costs attending their correction in the. appellate courts, are mischiefs which have been long felt. It is therefore provided, that44 if there shall be among the record of the proceedings 44 in the suit, in which such judgment or decree shall be 44 rendered, any verdict, bond, bill, note, or other writing “ of the like nature or kind, whereby such judgment or 44 decree may be safely amended,” it shall be amended, &c. Here is a mistake, and here is a note by which it could be safely amended, had it been an office judgment. It may be said, that under this art it is not a mistake in a sun» of money; but it is one in the rate of interest, and that is surely a mistake much of the like kind. But *34 suppose there had been credits endorsed on this note, ‘ 7 and the clerk, as is the correct course, as decided in this court, (f) had calculated interest at 6 instead of 5 per cent, and had taken the credits from the principal and interest, and had thus shewn a sum due, at the last payment, which we will say was made since the six per cent. Ipw, and had entered judgment for that balance, with legal interest from that time, without stating the rate : this, on an execution would, of course, justify the sheriff in demanding six per cent. Here would be a miscalculation, I suppose, coming within the very words of the statute, and might be corrected as to that; and if so, might it not be corrected also as to the rate of interest? Suppose this very case had been corrected by the judge, and after such correction the appellee had brought it here, would we reverse because the judge had no right to amend either in court or out of it ? if we did, what judgment would we enter ? Precisely the amended judgment, so as to restore 'the case to the situation it was in when the party appealed, and shewing he was not injured thereby. The note would he sufficient for us to enter such judgment by, as the court below ought to have entered ¿ but not to authorize that court to correct by.
This court surely ought not to be burthened with the correction of such cases as this, contrary, in my opinion, to the plain intention of the law, especially when it has been solemnly decided that even errors in cases collaterally affecting the freehold and franchise were not considered by the legislature of sufficient importance to interfere with our great and legitimate duties.

 2 Wash. 130,

 1 Call, 205.

 On examination of the record in this ease, I find the defendant appeared by attorney; of course there was a defence, and the execution on which the delivery bond was taken, yvas for a debt bearing 5 per cent, interest ¡ so, that the future rate of interest was clearly before the court.

 4 Munf. 437.