Daniel, J.
delivered the opinion of the Court.
By the 108th section of the statute of jeofails, l Rev. Code, p. 512, it is provided — that where in the record of any judgment or decree of any Superior Court of Law or Equity, there shall be any mistake, miscalculation or misrecital of any sum or sums of money, tobacco, wheat or other such thing, and there shall be among the record of the proceedings in the suit in which such judgment or decree shall be rendered, any verdict, bond, bill, note or other writing *139 of the like nature, whereby such judgment or decree may be safely amended, it shall be the duty of the Court in which such judgment shall be rendered, and of the judge thereof in vacation, to amend such judgment or decree thereby, according to the very truth and justice of the case: provided that the opposite party have reasonable notice of the application for such amendment. This enactment took effect in 1820; and very soon thereafter, this Court had occasion, in the case of Bent v. Patten, 1 Rand. 25, to construe it, and declare the character of cases contemplated by its provisions. The Court decided that by the adoption of the section above cited, it was not the purpose of the legislature to enlarge the subjects amendable; that the lOStli section looked only to clerical errors — errors made by the clerk and depending upon comparisons and calculations to be made by him, and which might be readily and safely reformed by reference to other statements contained in the proceedings; that judicial errors — errors growing out of a mistaken application of the law to the facts — were still to be remedied by appeal to a superior tribunal. And the Court decided that the error committed in entering judgment with interest at six per cent., the action being brought on a note executed in 1796, when the legal rate of interest was five per cent., and a judgment being confessed for principal with interest from the date of the note, was not a clerical error amendable under this section, but an error in law, to be corrected by an Appellate Court alone. Testing the proceedings and judgment of the Court below, which the appellant is now seeking to reverse, by the principles declared in • the case above cited, it seems to the Court here that the Circuit Court erred in the judgment which it rendered at its April term 1844, amending the judgment against the appellant rendered at its June term 1843. The capias sued out by the plaintiff cites the defendant to appear, to answer of a plea of debt for one hundred and *140 eighty-eight dollars, and is endorsed “ an action of debt on a note obligatory for the payment of money.” The paper certified by the clerk of the Circuit Court as a CQpy 0£ tjje writing obligatory, upon which the action Was founded, purports to be the bond of the defendant Compton, binding him to pay to the plaintiff Cline, six months after date, the sum of one hundred and eighty-eight dollars. It bears date the 9th December 1828, and has endorsed on it a credit of ten dollars, as of the 11th September 1832. The declaration demands the sum of one hundred and eight dollars ; and makes proferí of a bond for one hundred and eight dollars. At the June term 1843 of the Circuit Court, the case stood upon the office judgment docket; and the record states that the defendant then came and acknowledged the plaintiff’s action for “the debt in the declaration mentioned, and confessed judgment for the same, with interest and costsand then immediately follows a judgment of the Court against the defendant for one hundred and eight dollars, with legal interest thereon from the 9th June 1829 till paid, and costs. If upon this acknowledgment and confession it was error to enter a judgment against the defendant for one hundred and eight dollars, instead of one hundred and eighty-eight dollars, (as to which this Court does not deem it necessary to express an opinion,) the error was judicial, not clerical. As soon as the acknowledgment and confession were made, the only question which could arise was whether judgment should go for one hundred and eight dollars, the sum demanded in the declaration, in terms, or for one hundred and eighty-eight dollars, the sum claimed by the writ, and appearing on the face of the bond filed. This question could be decided only by interpreting the legal intent and meaning of the terms of the acknowledgment and confession, having a reference to the state of the pleadings, and was necessarily addressed to the Court, and not to the clerk. Whether *141 that question was properly solved or not by the judgment, was an enquiry proper for the cognizance of an Appellate Court alone. For these reasons this Court is of opinion to reverse the judgment of the Circuit Court pronounced at the April term 1844, with costs, &c., and that the appellant is entitled to his costs in this Court, &c.
Baldwin, J. dissented.