LEE, J.
This is an action of debt brought in the Circuit court of Clarke county by James Jones against John Richardson and Thornton P. Pendleton, upon a single bill for the sum of five hundred and eighteen dollars and fifty-seven .cents. The defendants appeared and filed the plea of payment, upon which issue was joined. At the May term 1849, the death of the defendant Richardson was suggested; and subsequently a scire facias was sued out against Mary Richardson his executrix, to show cause why the suit should not *be revived against her. This process was returned executed, and at the October term an order was made reviving the cause against her as such executrix. An amended declaration ivas then filed by the plaintiff, and a special plea by the defendants. To this special plea a special demurrer was filed, and the defendants joined in the demurrer. At the October term 1851 this demurrer was argued and was overruled by the court; and upon the following day in the same term an entry was made to the following effect: “Came the parties by their attorneys and the defendant the executrix of John Richardson deceased, relinquishing her plea of payment saith she cannot gainsay the plaintiff’s action, for the sum of five hundred and eighteen dollars and fifty-seven cents, with interest from the 7th day of March 1843 till paid and the *484 costs.” And judgment accordingly was entered up against her to be levied of the goods of her testator, &c. And upon the same day a similar entry was made as to the defendant Pendleton, and judgment entered up against him for the same debt, interest and costs. At the following term of the court, that is to say, on the 2nd of Hay 1852, the following entry was made: “On motion of the defendant, (the plaintiff having notice,) and it appearing to the satisfaction of the court that the judgment rendered in this cause at the last term was erroneous by an error of the clerk in entering the same as a judgment by confession, it is ordered that the same be set aside and the following entry made nunc pro tunc: This day came the plaintiff by his attorney, and the defendant withdrawing the plea of payment, saith nothing in bar, whereby the plaintiff remains thereof undefended: Therefore it is considered by the court that the plaintiff recover against the defendant” the debt, interest and costs specified in the two former judgments. The defend*ants then applied for and obtained a supersedeas from this court.
The action of the court at the May term 1852 in setting aside the judgment of the previous term, and rendering a new judgment in lieu thereof, was founded, it may be presumed, upon the idea that the case was within the fifth section of ch. 181 of .the Code, p. 681, authorizing the reversal and amendment of judgments in certain cases in the same court, at a subsequent term, or by the judge in vacation, or upon the notion that the supposed error in the judgments was one proper to be corrected by a writ of error coram nobis, and therefore might be made the subject of a summary proceeding by motion under the first section of the chapter above mentioned. I think it can be sustained upon neither. The judgment rendered at the October term (if the two several judgments then entered may be regarded as constituting one final judgment,) was set aside because it appeared to the satisfaction of the court, that it was improperly entered as a judgment by confession by an error of the clerk. This was a matter which could not appear from the record as it stood, but must have been shown in proof; and in such a case no reversal or amendment could be effected under the fifth section, which only applies where the supposed error appears in some part of the record. So recently held by this court in Powell’s case, 11 Gratt. 822. Nor was it a proper Case for a writ of error coram nobis. This writ lies where some defect is alleged in the process or the execution thereof, or some misprision of the clerk, or some error in the proceedings arising from a fact not appearing upon their face, as where judgment is rendered against a party after his death, or who is an infant or feme covert. Gordon v. Frazier, 2 Wash. 130; Bent v. Patten, 1 Rand. 25; Tidd’s P. F. 513. But it does not lie to correct any error in the judgment *of the court, nor to contradict or put in issue a fact directly passed upon and affirmed in the judgment itself. If this could be done there would be no end to litigation, and little security for the titles to property. Accordingly it is a well settled doctrine, that where a matter is plainly, directly and unequivocally affirmed by the judgment of a court of record, the record in itself imports such incontrollable credit and verity that it admits of no averment, plea or proof to the contrary. Coke Litt. 260 a; Field v. Gibbs, Pet. C. C. R. 155; Wood v. Jackson, 8 Wend. R. 1. And it has been held in this court, that where in an entry of a judgment against a principal and his sureties, the latter of whom appeared by an attorney in fact under a power, who confessed judgment for them, it was expressed that such judgment was with a stay of execution for a given time, it was not competent even in a court of equity to aver or prove that so much of the entry as related to the stay of execution was without the consent of the attorney for the sureties. Calwells v. Shields & Sommerville, 2 Rob. R. 305.
In this case the ground of the motion to set aside the judgment, was that the defendants had not said they could not gainsay the plaintiff’s action, as the record stated; and that the entry of judgment thereupon as by confession was through an error of the clerk. It was thus sought directly to contradict the record by evidence aliunde, and to prove that what it asserted was not true. This we have seen could not be done. Nor can the error be regarded as a mere clerical misprision. If there were such error it consisted, in the legal sense, in the court’s rendering a judgment as by confession, if such was the character of the judgment, where no acknowledgment of the plaintiff’s action had been in fact made; and this was a matter not to be put in issue upon a writ of error coram nobis or the motion substituted in its place.
*1 think therefore the Circuit court erred in its order of the 2d of May 1852, and in proceeding to render a new judgment in lieu of those which it undertook by that order to set aside.
This brings us to the two several judgments rendered on the 16th of October 1851. It is insisted on behalf of the plaintiffs in error, that there are various irregularities in the proceedings for which they also should be reversed. But a preliminary enquiry arises as to the true nature and character of these judgments. For if as the court in its order of the 2d May 1852 assumed, they are to be regarded as judgments by confession, they will not be disturbed by reason of anjr previous errors or irregularities that may have occurred in the proceedings; because by our statute a judgment by confession is equal to a release of errors. Code, ch. 181, § 2, p. 680. I think they are plainly judgments by confession. Judgment in an action at law for the plaintiff, is either by default for want of plea after appearance, or nil dicit as it is termed, or under our statute, by default for failure to appear after having been duly summoned, or by *485 non sum informatus where the defendant’s attornej' having appeared says he is not informed of any answer to be given to the action, or b3r confession or cognovit ac-tionem. 1 Tidd’s Pr. 609; 2 Id. 962; 2 Tuck. Com. 320; Code, ch. 171, § 42, p. 651. The judgments here were not of either of the three classes first named, but the defendants severally appeared and relinquishing their plea previously pleaded, said they could not gainsay the plaintiff’s action for a specified sum with interest from a particular time and costs of suit. This was fully equivalent to an express acknowledgment of the action for so much, and it will be found that the judgments as rendered conform very nearly to the precedents of a judgment upon a cognovit actionem to be found in the books of Pleadings *and Entries. See 2 Billy’s Ent. 470, 485; 10 Went. Plead. 450, 453; Tidd’s Pract. Forms 191, 192. All enquiry into the regularity of the previous proceedings is thus closed, and the only question that can be made is as to the regularity of several judgments against the defendants. The acknowledgment of the action was not made by them conjointly but by each severally, by the executrix of Richardson for the estate of her testator, and by Pendleton for himself; and I can perceive no good reason why the judgments should not be entered up severally as the acknowledgments were made. Where two parties are bound by joint contract and one dies, by the common law rule the representative of the party so dying would be discharged from liability. 7 Bac. Abr. “Obligations,” (D) 4, Bouv. ed. p. 249; Foster v. Hooper, 2 Mass. R. 572; Atwell’s adm’r v. Milton, 4 Hen. & Munf. 253. By our statute, however, such representative may be charged in the same manner as he might have been if the parties had been bound severally as well as jointly. Code, ch. 144, § 13, p. 582. But at law he must be sued in a separate action, for he cannot be sued jointly with the survivor because the judgment against one is de bonis testatoris and the other de bonis propriis. 1 Chit. Pl. (Phil. ed. 1828,) p. 40, and authorities cited in note (i). And so if the death occur after suit brought upon the joint contract, and before verdict, the suit abates as to the party so dying, though by our statute, it may proceed against the surviving defendant, and the plaintiff is put to a new action against the representative of the deceased party. See Code, ch. 174, $ 1, 2, p. 656. It should seem therefore that several judgments were more appropriate than a joint one against Pendleton personally and against the other defendant as executrix of Richardson. Certainly it cannot be to the prejudice of the plaintiffs in error that judgments were rendered against *them upon their several confessions in the manner in which they were properly and legally chargeable; and if it were even an error in point of form to do so in a joint action, I should still think it not one for which those judgments should be reversed. In White v. Tally, 5 Call 98, the action was upon a joint bond against several. The writ was served upon the respective defendants at different times, but the pleas filed were the same, and separate judgments were rendered against the defendants during the same term. This was held not to be erroneous, and the judgments were affirmed.
I am of opinion to reverse the judgment of the 2d of May 1852, and to affirm those of the 16th of October 1851; and as the defendant in error must be regarded as the party substantially prevailing because he is thus restored to his judgments of the earlier date, I think he should recover his costs in this court.
The other judges concurred in the opinion of Bee, J.
The last judgment reversed, and the first judgment reinstated.