# Charleston.

THOMAS M. CONNER *vs.* JOHN A. FLESHMAN, FOR USE, &C.

January Term, 1871.

1. Where the plea of *non est factum* is sought to be made out on the grounds of the mutilation of the instrument, the question whether it has been mutilated is for the jury and not for the court, and it is proper to permit it to go to the jury without first requiring the plaintiff to explain the alteration apparent on its face.

2. If no objection is made to the offering in evidence of a copy of a supposed bond sued on, without evidence of the loss or destruction of the original, on the trial below, it is too late to make the objection in the appellate court.

3. Where a plea of *non est factum* seeks to avoid a written instrument on the ground of alteration, it is proper for a copy of the paper as it was proved, by the defendant, to have been originally, to go to the jury to determine whether the original had been altered or not.

4. F., for the use of S., brings a suit of debt against C. The declaration contains three counts; the first describes the instrument as a writing obligatory, the second as a note, and the third as a writing obligatory, profert of a copy of which is made, because the original has been altered by the erasure of the words "and seals," without the knowledge or privity of F. or S., subsequent to the execution of the paper. *Non est factum* is pleaded, and the alteration is the grounds of the defense. It is proved on the trial that the alteration was made without the knowledge or consent of F. and S., or of C. HELD:

That it was not error to instruct the jury that the plaintiff was entitled to recover, if they believed from the evidence, that the change of the instrument from a bond to a note was made after its execution, by or with the knowledge or consent of the defendant, or that it was not made by the obligee or assignee, or by their procurement.

5. A judgment rendered in June, 1870, provides for the recovery of interest from 1866, which is held to be erroneous under sections 14 and 16, chapter 131, page 627, Code of West Virginia. But such error can be corrected in the court below by section 5 of chapter 134, and in this court by section 6 of same chapter, and it is accordingly corrected.

This was an action of debt in the circuit court of Greenbrier county, by John A. Fleshman, for the use of John H. Smoot, against Thos. M. Conner, brought to January rules, 1867, claiming 400 dollars. A trial was had in December, 1869, and verdict for the plaintiff. This verdict was set aside on motion of the defendant, and a new trial awarded, with leave to either of the parties to amend their pleadings. The amended declaration contained a demand for 600 dollars. The first count was for 200 dollars, on a sealed instrument, executed on the 24th of August, 1866; the second count was for 200 dollars, secured by a promissory note of like date, and the third count was for 200 dollars, the amount of a sealed instrument, a copy of which was shown to the court, "the original of which said writing obligatory, the said plaintiff cannot now produce to the court, because the words 'and seal' were erased from the body thereof, subsequent to its execution, by some party or parties, to the said plaintiff unknown, and who did the same, without his privity or consent," the date of which was that heretofore mentioned, the remaining portion of the 600 dollars.

A demurrer to the declaration was overruled.

Four pleas were filed by the defendant. The first plea was *non est factum.* The second alleged that the instrument sued on, was executed in consideration of confederate money, and hence illegal, &c. The third plea, after craving oyer, alleged that there was fraud in the procurement of the instrument, &c. As this plea seems to have been abandoned by the plaintiff in error, the defendant below, it is unnecessary to notice it further. The fourth plea alleged, that after the defendant had signed the supposed written instrument sued on, and while it was in the possession of the plaintiff, it was altered in a particular manner, by erasing the words "and seal," and affixing a certain scroll or seal, by and near the defendant's signature, without the knowledge or consent of the defendant, and that the erasure and affixing of the scroll were not made in correction of any mistake, &c., whereby, the written instrument was not the act of the de-

fendant, and from the time of the alteration thereof, it was void in law.

Issue appears to have been joined on all the pleas, after objections to the filing thereof, made by the plaintiff, had been overruled.

The jury found the following verdict: "We, the jury, find for the plaintiff the debt, in the declaration mentioned."

A motion was made to set aside the verdict and grant a new trial. The plaintiff released the sum of 400 dollars, with interest thereon, from the 24th of August, 1866, parcel of the debt demanded, "the said plaintiff having claimed on the trial, that the several counts of his declaration referred to but one and the same debt."

The court overruled the motion for a new trial, and rendered judgment for 200 dollars, with interest thereon, from the 24th day of August, 1866, on the 24th day of June, 1870.

All the evidence which appears in the record, and the instructions refused, as also the instructions given by the court, as they are set out in the bill of exceptions, are as follows:

"The plaintiff offered in evidence to the jury a paper in the words and figures, viz:

" [$200.]

" On demand, for value received, I bind myself, *hares*, administrators or assigns, to pay unto J. A. Fleshman, the just and full *some* of two hundred dollars, for value received of him.   Given under my hand —— August 24th, 1866.

"[SEAL.]"

["Stamp.]                    THOMAS M. CONNER.   [——]

"ENDORSEMENT.—I assign the with — note to John H. Smoot, October 10th, 1866.          J. A. FLESHMAN."

"Upon which paper there appears an erasure or obliteration of the words 'and seal' immediately after the word 'hand'; that said erasue or obliteration seems to have been made by scratching the said words 'and seal' from said paper, so as to remove them effectually therefrom. And said paper further shows upon its face, that the second scroll op-

posite to which occurs the name of the defendant Conner, has been made with ink of a different color from that with. which the paper was written and signed, but corresponding with the ink with which the assignment to Smoot was written as endorsed on said paper. To the reading of this paper as evidence, in support of said first count in the plaintiff's declaration, the defendant objected, and the court sustained said objection, to which ruling of the court the plaintiff excepted. The plaintiff then offered said paper in evidence under the second count of his said declaration, to which the defendant objected, but the court overruled said objection, and permitted said paper to be read to the jury under the second count, whereupon the defendant excepted. The plaintiff then placed the defendant upon the stand as a witness, who testified that the paper marked B, which is in the words and figures following, to wit:

["$200.]

"On demand, for value received, I bind myself, *hares*, administrators .or assigns, to pay unto J. A. Fleshman, the just and full *some* of two hundred dollars, for value received of him.

"Given under my hand and seal, August 24th, 1866.

"(A copy.)      THOMAS M. CONNER. [SEAL.]," was a correct copy of a bond, executed by him to the plaintiff, on the 24th day of August, 1866; that he did not know whether or not the paper marked A, the paper first above mentioned, had been signed by him or not; that he did not know whether he had ever seen the paper marked A; that the signature thereto looked like his signature; that the paper B was a copy of the paper A, except that the words "and seal" appeared to have been erased from the body of the latter, and that there was no erasure in the paper, which he had executed to the plaintiff on the 24th August, 1866, at the time of its execution. The plaintiff then offered said papers, marked A. and B, in evidence to the jury, under the third count of his declaration, to the reading of the former of which the defendant objected,

which objection the court overruled; whereupon the defendant excepted. The plaintiff himself was then placed upon the stand, who testified that the paper B was a copy of the paper which had been executed to him by the defendant, on the 24th August, 1866, except as to the words 'and seal,' in the body thereof, as to which he could not testify positively, as he did not know whether they were in the original instrument or not; that the original paper was the paper A, but he could not say whether or not there were any erasures in the same when he received it; that he had never altered said paper, nor had it been altered with his knowledge or consent; that the signature thereto was the genuine signature of the defendant, who acknowledged on the former trial that it was his signature, and that he intended, when executing that paper, to execute his bond.

"John H. Smoot, the assignee of the plaintiff, was then placed by the plaintiff on the stand, who testified that he did not recollect in what condition the paper A was at the time of the assignment to him; that said paper had never been altered by him or by any other person, to his knowledge or with his consent; that it had been assigned to him for value by the plaintiff; that the signature thereto was the genuine signature of defendant, and that the defendant had admitted, on the former trial of this case, that he had executed said paper, and that in doing so, he intended to execute his bond.

"The plaintiff then introduced Joel McPherson, who testified that prior to the institution of this suit, he applied to the defendant for the payment of this paper marked A, the assignee having placed it in his hands for collection or suit; that his impression was that he showed defendant this paper when he did so, but as to this was not certain; that the defendant refused to pay the same, on the ground that he had offsets thereto, but that he did not set up any other defense against the same. And here the plaintiff rested in his case.

"The defendant, in support of the issue upon his part, was

himself placed upon the stand, who testified that the paper executed by him on the 24th August, 1866, was an instrument under seal; that no alteration was made in said instrument at the time of its execution, nor had any been subsequently made with his consent; that he read over said paper at the time he executed it; that his impression and belief was, that the paper he executed contained a provision that the amount due to him should be offset by certain claims which his father's administrator had to pay, by reason of his father's being the surety of the plaintiff in his bond as constable, and that when the said McPherson applied to him for the payment of the paper A, he did not present said paper to him."

And this being all the evidence offered under the plea of *non est factum*, the defendant, by his counsel, asked the court to instruct the jury as follows:

"The court permitted a paper in the words and figures following, to be read as evidence to the jury, (paper A,) upon which paper there appears an erasure or obliteration of the words 'and seal,' immediately after the word 'hand;' that said erasure or obliteration seems, from the appearance of the paper, to have been made by scraping the said words 'and seal' from the paper, so as to remove them effectually from said paper. And the face of said paper further shows that the second scroll, opposite to which occurs the name of the defendant Conner, has been made with ink of a different color from that with which the paper was written and signed, but corresponding with the ink with which the assignment to Smoot was written as endorsed on the said paper. The defendant then proved that there was no erasure or obliteration upon said paper, when it was executed and delivered to plaintiff by him, and that the said alteration was not afterwards made with the consent or knowledge of the defendant; whereupon the defendant, by his counsel, asked the court to instruct the jury, that the alterations appearing upon said paper, taken in connection with the proof set out in this instruction, of which facts they are to be judges,

whether they are proven or not, vitiated and rendered said instrument void, whether as a bond or promissory note, and that unless there is evidence, aside from said instrument, to sustain the plaintiff's declaration, the jury must find for the defendant.

"2d. And further, if the jury believe, from the evidence, that the obliteration and addition referred to in the foregoing instruction, was made after the execution and delivery of the said instrument to the plaintiff, then the said instrument is void, and cannot be regarded as either a bond or a promissory note.

"3d. If the jury believe, from the evidence in the cause, that the words 'and seal' were once a part of the paper offered in evidence by the plaintiff, and that said words have been erased or obliterated since the execution and delivery of said paper by the defendant to the plaintiff, and without the defendant's consent, that such erasure or obliteration is in law a material alteration in the instrument, and whether it was made by the plaintiff or a stranger, they must find for the defendant.

"4th. And further, if the jury believe the instrument, referred to in the above instruction, was in any manner altered since its execution and delivery by the plaintiff, or the beneficiary Smoot, or any other person by their procurement, whether the alteration is material or not, the jury must find for the defendant; and the instrument being in the legal and actual custody of the plaintiff and said Smoot, the legal presumption is, that any alteration made in it, has been made by the plaintiff or said Smoot, or by the procurement of one, or both of them, and that unless they rebut that presumption by proof, showing that said alteration was innocently made, the jury must find for the defendant.

"5th. If the jury believe, from the evidence in the cause, that a scroll, by way of seal, has been affixed to the instrument referred to in the above instructions, since the execution and delivery thereof, then, unless they also believe, from the evidence in the case, that the scroll was affixed by

a stranger, or if not by a stranger, then that it was *innocently* added, they must find for the defendant; and if the scroll, on inspection by them, appears to be in a different ink from the body of the instrument, the presumption is that the alteration has been made since the execution and delivery thereof.

"6th. If the jury believe, from the evidence in the cause, that any alteration, however slight, has been made in the instrument, offered in evidence by the plaintiff, since the execution and delivery thereof, and believe also, in addition to this, that such alteration was made by the obligee, his assignee, or by the procurement of either, or both, then they must find for the defendant, unless such alteration be proven to have been made *innocently.*

"7th. If the jury find that the instrument offered in evidence by the plaintiff, has no validity as a bond, then the plaintiff cannot recover on it as a promissory note, and the verdict must be for the defendant.

"8th. The court instructs the jury, that the plaintiff in this case cannot recover upon the first count in the declaration, which describes the instrument as a bond, because it is a note and not a bond; nor can he recover upon the second or third counts, if the jury believe, from the evidence, that at the time of the execution and delivery of the instrument it was a bond, under seal, and not a note, unless they should further believe, from the evidence, that the change of the instrument from a bond to a note was afterwards made by, or with the knowledge and consent of, the defendant." The court refused these instructions, but instructed the jury as follows:

"The court instructs the jury that the plaintiff cannot recover upon the second or third counts, if the jury believe, from the evidence, that at the time of the execution and delivery of the instrument, it was a bond under seal, and not a note, unless they should further believe, from the evidence, that the change of the instrument from a bond to a note was afterwards made by, or with the knowledge and consent of, the defendant, or that it was not made by the obligee or

assignee, or by the procurement of one, or either of them."

The defendant brought the case here for review.

Hon. J. M. McWhorter, judge of the circuit court of Greenbrier, presided on the trial of the case.

*Snyder* for the plaintiff in error.
*Harris* for the defendant in error.

MAXWELL, J. The first and second ground of error assigned is, that the court erred in not passing upon the demurrer to the declaration, and to each count thereof.

The answer to this objection is, that the court acted on the demurrer and overruled it, and properly so, as the declaration and each count thereof is good.

The third ground of error assigned is, that it was error to permit the mutilated instrument to be read to the jury as evidence, without first requiring the plaintiff to explain the alteration apparent on its face. The question as to whether the instrument had been mutilated, was for the jury, and not for the court, so that the paper was properly admitted to go to the jury. The fourth error assigned is alleged to be in allowing the copy of a supposed bond to be read to the jury, without any evidence of the loss or destruction of the original.

The answer to this is, that no objection was made at the trial, when the copy was given in evidence. If objection had been made it was proper, under the circumstances disclosed in the bill of exceptions, to give the copy in evidence. The copy was not offered as evidence in place of the original, but along with it, as a circumstance, to enable the jury to determine whether the original had been altered or not.

The fifth, sixth, and seventh causes of error assigned, are that the court erred in refusing to give the instructions asked for by the defendant, and in giving the instructions which were given. There was no objection or exception to the giving of the instructions which were given.

The defendant asked the court to give the jury eight or ten instructions, which were refused. Upon a careful examination of them, it is apparent that no one of them states the law arising on the evidence before the jury correctly; and the instructions given by the court go further, and are a little stronger in favor of the defendant than they should be.

The eighth objection is, that a motion made for a new trial was overruled. This objection is disposed of by the simple statement, that the facts proved on the trial are not in the record.

In the last place it is insisted, that it was error to enter judgment upon a verdict which did not find the sum due. The verdict of the jury found for the plaintiff the debt in the declaration mentioned, which was 600 dollars. The plaintiff released 400 dollars, and the judgment was for 200 dollars, the residue.

This would seem to be a substantial compliance with the statute. But the judgment is for 200 dollars, with interest from the 24th day of August, 1866, when the verdict was rendered on the 24th day of June, 1870. This is not warranted by the Code, p. 627, § § 14, 16; but the error is one that can be corrected, on motion in the court below, according to section 5, chapter 134, of the Code, page 637, and can be corrected in this court, according to section six of the same chapter.

The judgment should be corrected here, so as to draw interest from the date of the verdict of the jury, June 24th, 1870, and affirmed with damages and costs to the appellee.

The other judges concurred.

JUDGMENT AFFIRMED.