# WHEELING

## STRINGER *v.* ANDERSON.

Submitted January 11, 1884—Decided March, 15, 1884.

In an action of ejectment the land is described in the declaration by metes and bounds; the order giving judgment for the plaintiff for the land recites: "This day came the parties by their attorneys, and the defendant withdraws the plea of not guilty heretofore pleaded by him, and says that he cannot gainsay the plaintiff's action;" judgment is then rendered describing the land by metes and bounds in the very terms of the declaration; and the order concludes as follows: "And it is further considered by the court, that the line on the plat (annexed to the plaintiff's declaration) and running S. 40 E. 119 poles between the points 'A' and 'B.' be held firm, and stable as a division line between the plaintiff and defendant." This provision does not appear to be founded upon any matter or paper in the record and seems to be in conflict with the description of the land as given in the former part of the order. HELD:

I. That, if said matter in the conclusion of said judgment is erroneous, it is not of that class of errors which can be corrected on motion under either the first or second clause of section 5 of chapter 134 of the Code.

II. The first clause of said section is confined to judgments by default and this being a judgment by confession after appearance and not by default it cannot be corrected under that clause.

III. And the second clause of said section authorizes amendments and corrections only in cases of mistakes and miscalculations or misrecitals when the same may be safely amended from some other part of the record. This clause is confined to mere clerical errors and does not embrace judicial errors. The latter, where the judgment is not by default, can be corrected only by an appellate court.

The case is stated in the opinion of the Court.

*W. A. Parsons* and *Warren Miller* for the plaintiff in error.

*S. A. Miller* for defendant in error.

SNYDER, JUDGE:

An action of ejectment was brought in the circuit court of Jackson county by A. G. Stringer, the defendant in error, against A. J. Anderson, the plaintiff in error, to recover a certain tract of land fully described by metes and bounds in the plaintiff's declaration. At the March term, 1881, the following entry was made giving judgment for the plaintiff: "This day came the parties by their attorneys, and the said defendant withdraws the plea of not guilty heretofore pleaded by him, and says he cannot gainsay the plaintiff's action. It is therefore, considered by the court that the plaintiff do recover against the said defendant the said tract of four hundred and sixty-six and two thirds acres of land in the said plaintiff's declaration mentioned and described as follows, to-wit:" (Here the metes and bounds of the land as contained in the declaration are set out in full, and then the order proceeds:) "And it is further considered by the court, that the lines on the plat (annexed to the plaintiff's declaration) and running south forty, east one hundred and nineteen poles between the points 'A.' and 'B.,' be held firm and stable as a division line between said plaintiff and defendant and those claiming under said defendant. This judgment is without costs against said defendant, the plaintiff in court waiving the same."

At the succeeding August term the defendant in error had docketed in said court a motion to amend the aforesaid judgment. Of this motion the plaintiff in error had been duly served with a notice in writing. The defendant in said

motion who is the plaintiff in error here, appeared and moved the court to quash said notice and dismiss the motion, but the court overruled said motion, and thereupon the court (as the orders recites) being of opinion that there is misre-cital, errors and mistake in the said order and judgment en-tered at the March term, 1881, proceeded to amend and cor-rect the same by striking out, expunging and holding for naught that part of said order and judgment which recites and fixes "that the line on the plat annexed to the plaintiff's declaration and running S. 40, E. 119 poles between the points 'A.' and 'B.,' be held firm and stable as a division line between said plaintiff and defendant in said action of ejectment." From this order the defendant was allowed a writ of error by a judge of this Court.

This motion and order are claimed to be authorized by the provisions of section 5 of chapter 134 of the Code, and it is plain that unless they are so authorized they are without legal sanction and must be set aside. The said section of the Code is as follows:

"Sec. 5. The court in which there is a judgment by default, or a decree on a bill taken for confessed, or the judge of said court in the vacation thereof, may, on motion, reverse such judgment or decree, for any error for which an appellate court might reverse it, if the following section was not enacted, and give such judgment or decree as ought to be given. And the court in which is rendered a judgment or decree, in a cause wherein there is a declaration or plead-ing, or in the record of the judgment or decree, any mistake, miscalculation, or mis-recital of any name, sum or quantity, or time, when the same is right in any part of the record or proceedings, or when there is any verdict, report of a com-missioner, bond, or other writing, whereby such judgment or decree may be safely amended (or in which a judgment is rendered on a forthcoming bond for a sum larger than by the execution or warrant of distress appears to be proper, or on a verdict in an action for more damages than are men-tioned in the declaration;) or in the vacation of the court in which any such judgment or decree is rendered, the judge thereof may, on the motion of any party amend such judg-ment or decree according to the truth and justice of the case."

It will be observed that this section is divided into two clauses and embraces two distinct subjects, the first of which gives to the court (or judge in vacation) in which a judgment by default is entered, the right to reverse such a judgment for any error for which an appellate court might reverse it, and to give such judgment as ought to be given. Under this clause judgments by default only can be corrected. But errors in such judgments whether of law or fact may be corrected if they are of such character as could formerly have been reviewed and corrected by the appellate court—Barton's Law Pr. 171.

The second clause is not confined to judgments by default, but is an enlargement of the old law on the subject of the correction of mistakes. But under this clause no error in the application of the law to the facts, or what is known as judicial error, can be corrected; this can only be done, when the judgment is not by default, in an appellate court. The difference between the two clauses then is briefly this: A judgment by default may be corrected or reversed in the court which rendered it for either error of fact or an error of law including of course judicial errors; while a judgment under the second clause can only be corrected as to any mistake, miscalculation, misrecital, &c., where there is something in the record by which the correction may be certainly and safely made; hence such correction can never be of a judicial error. *Richardson* v. *Jones*, 12 Gratt. 53; Bart. Law Pr. 171.

The judgment rendered in the case before us at the March term, 1881, was not a judgment by default within the meaning of the statute, nor in any other proper sense. The entry shows that the defendant had appeared and pleaded to the action and then at the term at which the judgment was entered he withdrew his plea and said that he could not gainsay the plaintiff's action. This was a judgment by confession. While the statute makes provision only for the confession of judgment in the clerk's office, it has been held, and such is the uniform practice of the courts, that the defendant may acknowledge the plaintiff's action when the court is in session at any stage of the cause—*Insurance Co.* v. *Burley*, 16 Gratt. 363. The confession may be made either before or after

plea. If made in court before plea the form is simply that the defendant acknowledges the plaintiff's action; but if after plea he withdraws his plea and acknowledges the plaintiff's action. The latter course was pursued in this case. The judgment then being by confession after appearance and not by default, the 'first clause of said section five of' the statute can afford no remedy for any error that may have been committed in entering judgment in the case—*Richardson* v. *Jones*, 12 Gratt. 53; *Compton* v. *Cline*, 5 *Id.* 137.

Was the said judgment such as could be corrected under the second clause of the statute? In my opinion it was not. The matter complained of and expunged from the said judgment by the order of the August term, 1881, does not appear in the pleadings or any part of the record. It consists of something entirely *dehors* the record. Unless it was agreed upon by the parties it must have been proved before the court. It is true that such does not appear to have been the fact and the inference from the record is that there was neither agreement nor proof of any such matter. Conceding such to be the case, the only manner in which that part of the judgment could have been made was by the court making a misapplication of the law to the facts thereby committing a judicial error, one which, as we have seen, could not be corrected by the second clause of the statute which only applies to errors apparent upon the record and to such only as are clerical and not judicial in their nature. The remedy of the plaintiff in said judgment, if any, was not by motion under either of the provisions of section 5 chapter 134 of the Code, but by writ of error to this Court. Whether there is such error in said judgment as could be considered by this Court on a writ of error we do not now decide, because the writ of error now before us relates exclusively to the proceedings had on the motion to amend said judgment, and we having decided that the circuit court had no jurisdiction to entertain said motion or render such judgment, we can only render such judgment as that court should have rendered, which was to dismiss said motion; and, consequently, the writ of error to said judgment does not bring before this Court for review the said judgment of the March term, 1881.

I am, therefore, of opinion, for the reasons stated, that the said order and judgment of the August term, 1881, should be reversed with costs to the plaintiff in error, and that the said motion and proceedings be dismissed with costs to the defendant in the court below.

REVERSED.    DISMISSED.