## CHARLESTOWN.

OHIO RIVER RAILROAD CO. v. HARNESS.

Submitted June 23, 1884—Decided September 20, 1884.

1. The application of a railroad company to condemn land for the use of its road, described the land to be taken, as a strip of land sixty feet in width, being thirty feet wide on each side of the center line of its road, containing 3 99-100 acres. Beginning at the point where the center line of said railroad *as located*, crosses the boundary line of the land-owner, and thence through his land situated on a certain creek, in a certain county, giving the courses and distances of the lines, the general direction of the curves, and the radius of each curve. ·HELD :

   I. That the land proposed to be taken was described with the "reasonable certainty" required by section 5 of chapter 18 of the Acts of the Legislature of 1881, and

   II. That the verdict of a jury ascertaining that a certain sum will be a sufficient conpensation for "so much of the real estate of the owner, mentioned and described in the within application as is proposed to be taken," described the land with sufficient certainty. (p. 516.)

2. The court having appointed commissioners for the purpose, they returned their report, whereby they ascertained that two hundred and twenty-five dollars was a sufficient compensation for the land proposed to be taken, and for damages to the residue of the real estate of the land-holder, which sum the applicant paid into court, and the land-owner demanded that his compensation be ascertained by a jury, who by their verdict ascertained his compensation to be nine hundred and ninety-nine dollars ; and thereupon the court gave judgment in favor of the land-owner against the applicant for the whole amount of the verdict with interest from the date of the judgment and costs, to which the applicant obtained a writ of error. ˙ HELD :

   I. That the judgment should have been rendered for seven hundred and seventy-four dollars, the excess found by said verdict, over the sum of two hundred and twenty-five dollars, ascertained by said commissioners, with interest from the date of said judgments and costs.

   II. That the error in said judgment could have been amended in the manner prescribed by section 5 of chapter 134 of the Code.

   III. That no motion having been made by said appellant to so amend said judgment, the same under section six of said

chapter, will be amended in this Court, and when so amended, will be affirmed with damages and costs to the appellee, as the party substantially prevailing. (p. 517.)

WOODS, JUDGE, furnishes the following statement of the case:

On January 17, 1883, the Ohio River Railroad Company, a corporation under the laws of West Virginia, filed in the clerk's office of the circuit court of Pleasants county, an application in writing, setting forth in substance that it proposed to construct a railroad in said county, through the lands of Solomon Harness and others, and that it proposed to take of the lands of said Harness for the purposes of its road, a strip of land particularly described as follows: Beginning at the point where the center-line of said railroad, as located, crosses the boundary line of the lands of said Harness and J. L. Harness, thence following said center-line on a curve to the right, having a radius of seventeen thousand one hundred and eighty-eight feet, one hundred and twenty-five feet to the tangent point of said curve, thence south seventy-six degrees and fifty-four minutes, west four hundred feet to a point of curve, thence on a curve to the right having a radius of four thousand nine hundred and eleven feet, five hundred feet to a point of compound curve, thence on a curve to the right having a radius of four thousand eight hundred and seventy-five feet, six hundred feet to the tangent point of said curve, thence south eighty-seven degrees and thirty-four minutes, west one thousand two hundred and seventy feet to the boundary line of the lands of Solomon Harness; said land proposed to be taken being part of the lands of Solomon Harness, situate on Bull creek, in Pleasants county, West Virginia; and the applicant filed therewith as part of his application, a plat of said land proposed to be taken, which is marked "A." The application in all other respects was exactly in accordance with the requirements of section 5 of chapter 18 of the Acts of the Legislature of 1881. The land proposed to be taken was described in said plat, marked "A," almost exactly in the words stated in the application, except that it stated "the said strip of land is sixty feet wide, being thirty feet on each side of the above center-line and

contains 3 99–100 acres." Notice was given to the said Harness on January 18, 1883, that on February 5, 1883, the applicant would ask the said court to appoint commissioners to ascertain the compensation to which he was entitled for the land proposed to be taken, describing as before set forth in the application and in said "Exhibit A."

On the 5th of February, 1883, the said circuit court on the motion of the applicant, by agreement of the parties appointed five commissioners to ascertain the compensation to which said Harness was entitled.  On the 26th February, 1883, the commissioners returned their report, whereby they ascertained the said compensation to be two hundred and twenty-five dollars, and on the 21st day of February, 1883, the applicant paid into court the sum of two hundred and twenty-six dollars and thirteen cents, the aggregate of said damages and interest thereon to that date.  The defendant moved the court to quash the report, which motion was overruled, and he then demanded that his compensation be ascertained by a jury which was accordingly ordered.  The question was submitted to a jury of freeholders, who on June 13, 1883, returned a verdict in these words:  "We the jury are of the opinion that nine hundred and ninety-nine dollars will be a just compensation for so much of the real estate of Solomon Harness mentioned and described in the within application as is proposed to be taken by the applicant, the Ohio River Railroad Company, as well as for damages to the residue of the said real estate beyond the peculiar benefits which may be derived in respect to such residue from the work to be constructed, and we therefore assess his damages at nine hundred and ninety-nine dollars."  The applicant moved the court to arrest the judgment and set aside this verdict and grant it a new trial on the grounds that said verdict was contrary to law, and defective in this, that it does not properly describe the land condemned or taken by the applicant, and does not describe the land taken with convenient certainty, or give any sufficient description of the same, and only describes the land by reference to the application, which motions the court overruled, and the applicant excepted by proper bill of exceptions, and the court on June 14, 1883, entered judgment on the verdict that the said

Solomon Harness recover of the Ohio River Railroad Company the said sum of nine hundred and ninety-nine dollars with interest thereon from that date and his costs. To this judgment the applicant obtained a writ of error and *supersedeas* from a judge of this Court.

*Leonard & Caldwell* for plaintiff in error.

*Loomis & Tavenner* for defendant in error.

WOODS, JUDGE:

The counsel for the appellant insist that the judgment of the circuit court should be reversed. First, because the verdict of the jury did not describe the land to be taken with sufficient certainty, and secondly, the judgment rendered upon the verdict was for the whole amount thereof, when it ought only to have been rendered for the excess of the verdict over and above the amount of compensation ascertained by the report of the commissioners.

Section 5 of chapter 18 of the Acts of 1881 requires that the application to take real estate for the construction of a railroad, must not only be in writing but it must describe with reasonable certainty the real estate proposed to be taken, and by section 6 of that chapter, ten days, notice of such application shall be served on the owners, claimants or persons holding liens (on the land) and the notice may be given either before the application is presented or afterwards. These duties are imposed upon the applicant, which he must perform before the court can take jurisdiction of the matter. Failing in this, he can have no standing in court. If the applicant fail to describe with sufficient certainty the land proposed to be taken, or neglect to give the notice required, the land-owner may successfully resist the application, but if he see proper to do so, he may waive these defects, and any uncertainty in the description of the land to be taken may be corrected by the commissioner's report. But as the applicant may at any time before final judgment abandon his proceedings, whether they be right or wrong, it would seem that technical objections to his own proceedings merit but little consideration. But in the case under consid-

eration the application and notice thereof served upon the land-owner, seems to have been prepared with unusual care, being in every respect in exact accordance with the provisions of the statute made in regard thereto; and in no respect is this care more manifest than in the description of the strip of land to be taken. The beginning is fixed at the "point where the center line of said railroad *as located* crosses the boundary line of the lands of Solomon Harness and J. L. Harness, &c.," and from that point the courses and distances of the points of the line, the general direction, and the radii of the curves are all given, until the line passes over the boundary line of said land. It would seem to be impossible to describe the beginning and the ending, and the exact direction of a line with greater precision than is done in appellant's application in this case. But the appellant was still more particular in describing the land to be taken, for he filed with his application, and made the same a part thereof, a plat of the land which it proposed to take, describing it in the same manner, and in addition to this, it further described the land to be taken as a strip sixty feet in width, thirty feet wide on each side of the "above described center-line, and contains 3 99-100 acres of land." From this application and plat, which was a part thereof, made by the applicant's engineers and servants, there could be no difficulty in finding and identifying the location and boundary of the strip of land proposed to be taken. It was not only described with the reasonable certainty required by the statute, but with the greatest possible degree of certainty. There can be no question such a degree of certainty would be sufficient in any deed conveying said land or in any verdict in action of ejectment recovering the same. The verdict of the jury in this case ascertained that nine hundred and ninety-nine dollars was a just compensation for so much of the real estate of Solomon Harness, "mentioned and described in the within application," as is proposed to be taken, &c., "as well as for the damages to the residue of said real estate," &c. This verdict could not have rendered the description of the land proposed to be taken more certain, if it had transcribed into the body of it, the exact description found in the application and the plat filed with and made a

part of it, for that is certain which may be rendered certain. *Allen* v. *Gibson*, 4 Rand. 468; 2 Lom. Dig. 210–212. We are therefore of opinion, the land proposed to be taken was described with sufficient certainty in the verdict, and that the court did not err in overruling the applicant's motions in arrest of judgment, and to set aside the verdict and award it a new trial.

But the appellant insists that the circuit court erred in entering up a judgment for the whole amount of the verdict instead of a judgment only for the excess of the verdict over and above the amount ascertained by the report of the commissioners. It will be seen that the commissioners ascertained that the sum of two hundred and twenty-five dollars was a just compensation to the said Solomon Harness for the land proposed to be taken and for his damages to the residue of his real estate, and this sum with its interest was paid into court on the 21st day of March, 1883. That sum remains under the control of the court, subject to the control of the land-owner, unless otherwise disposed of by the court according to section 23 of the said act of the Legislature. By section 21 of the said act it is provided that "when after such payment into court as is mentioned in the preceding section, a subsequent report is made which is confirmed and ordered to be recorded, or the verdict of a jury is found, if the sum ascertained by such subsequent report or verdict, exceed what was so paid, and the applicant fail to pay the same, judgment shall be given against him for the amount of such excess, with legal interest thereon from the date of such subsequent report or verdict, until payment." By section 24 the land-holder shall, in such a case recover his costs. It is apparent from the reading of the statute that the circuit court erred in entering judgment against the appellant for the sum of nine hundred and ninety-nine dollars, the amount of said verdict, when the statute required that the judgment should have been rendered for seven hundred and seventy-four dollars, the excess found by the verdict over the sum of two hundred and twenty-five dollars ascertained by said commissioners with interest thereon from the date of the verdict and the costs. But as this is an error which appears upon the record by the verdict, the

report of the commissioners, and by said order paying into court the said sum of two hundred and twenty-five dollars, ascertained by said commissioners, and might therefore have been safely amended in the manner prescribed in section 5 of chapter 134 of the Code, and as no effort was made to so amend it, the same, under the provisions of section 6 of said chapter can now be amended in this Court.    *Connor* v. *Fleshman*, 4 W. Va. 693; *Hawker* v. *B. & O. R. R. Co.*, 15 W. Va. 628; *Stansbury* v. *Stansbury's Adm'r*, 20 W. Va. 23; *Richardson's Ex'r* v. *Jones*, 12 Gratt. 53; *Stringer* v. *Anderson*, 23 W. Va. 482.

We are therefore of opinion and consider that the said judgment of the circuit court rendered in this cause on the 14th day of June, 1883, be, and the same is so amended, that the said Solomon Harness recover of the Ohio River Railroad Company the sum of seven hundred and seventy-four dollars, with interest thereon from the 14th day of June, 1883, together with his costs by him about his defence in this behalf in said circuit court expended, and that the said judgment so amended, be and the same is hereby affirmed, with costs to the appellee, the party substantially prevailing, and damages according to law.

AMENDED AND AFFIRMED.