*MONCURF, J.
This is a supersedeas to a judgment of the Circuit court of Frederick county, reversing a judgment of the county court of said county overruling a motion to set aside a judgment confessed in the clerk’s office of said county, by an attorney in fact of the defendants, in an action of debt brought in the said county court. The summons in the action, and the power of attorney to confess the judgment bear date on the same day, to-wit: the 21st day of January 1857, on which day also it appears that the judgment was confessed. The power of attorney recites that the suit in which the judgment was authorized to be confessed was then pending in the said count}’ court. The notice of the motion to set aside the judgment bears date on the 13th of February 1857, and stated that the motion would be made on the 1st day of the March term next, which was the first, quarterly term of the said county court after the said confession of judgment was entered. The grounds for setting aside the judgment as specified in the notice were: 1st, because the power of attorney was executed before suit was brought; 2dly, because Wm. Iy. Bent, (who was impowered to confess the judgment and did confess it), was not an attorney at law, and an attorney in fact cannot confess a judgment for his principal ; and 3dly, because if an attorney in fact could confess in open court, only the defendant himself can confess a judgment in the clerk’s office.- There was a 4th ground, which need not be stated, as it was afterwards abandoned. At the March term of the county court, the notice was proved and docketed, and by agreement of counsel the motion was continued until the June term of said court, when it was heard and overruled. Three exceptions were taken by the plaintiff in the motion to opinions of the court given on the hearing. The 1st was, to the refusal of the court to reject a plea of estoppel filed by the defendant in the motion to the 1st ground set out in the ^'notice, to wit: 1 ‘because the power of attorney was executed before suit brought;” the 2nd was to the refusal of the court to permit the plaintiff to examine a, witness for the purpose of proving that the power of attorney was executed before the suit was brought; and the 3rd was to the refusal of the court to set aside the said judgment confessed in the clerk’s office. The 3rd bill of exceptions sets out all the evidence, which consisted of the judgment confessed in the office, the summons issued in the action, the power of attorney, and the following proofs and admissions, viz: It was admitted that at the time said Wm. Iv. Bent, made the confession of judgment he was not an attorney at law and never had been. It was also proved by the clerk of the court, that the confession was made by Wm. i/. Bent under said power of attorney, which he produced, though there was no proof before the clerk of the execution of the power. But on the trial of the motion it was admitted that the said power was executed by the defendants in the action, Barley & Swartzwelder, on the day of its date, and that the clerk then filed the power of attorney with the papers. The county court having overruled the motion, the Circuit court awarded a supersedeas to the judgment of the county court; and after-wards reversed it- and set aside the judgment confessed in the clerk’s office. A supersedeas to the judgment of the Circuit court has brought up the case to this court for revision.
The question to be decided by this court is, whether the judgment confessed in the clerk’s office is invalid on both or either of these grounds, viz: 1st, because it was confessed under a power of attorney executed as alleged before the action was brought; or, 2dly because it was confessed by an attorney in fact?
But before I consider these grounds of objection to the said judgment, I will notice an objection taken by the plaintiff in error to the jurisdiction of the county *court to hear the motion at the term at which it was made, to-wit: the next quarterly term after the judgment was confessed. He insists that it ought to have'been made at the next monthly term thereafter. The question depends upon the true construction of the Code ch. 171, $ 51, which declares that “the court shall have control over all proceedings in the office during the preceding vacation. It may re-instate any cause discontinued during such vacation, set aside any of the said proceedings or correct any mistake therein and make such order concerning the same as may be just.” I think that, as actions at law brought in the county court are cognizable only al a quarterly term thereof, Code ch. 157, § 17, so motions to set aside or correct any of the proceedings in the office in such actions, are cognizable only at a quarterly term. The “preceding vacation” referred to in the Code ch. 171, (S 51, means, in its application to this case, the interval between the quarterly terms next after and next before the judgment was confessed. The motion was therefore properly made at the next quarterly, and not the next monthly term thereafter. I will now consider the grounds of objection to the judgment, and
First, Is it invalid because it was confessed under a power which was executed, as alleged, before the action was brought?
At common law a power, or warrant, of attorney to confess judgment in an action to be brought after the making of the power, was valid, and was a very common security. See 1 Tidd’s Prac. 9th Hondon edition chap. 21 pp. 545—555; Tidd’s Forms chap. 21, pp. 181, 183. The common law on this subject was the law of Virginia, modified no doubt by the peculiar practice of our courts, until September 1744, when an act was passed by the colonial legislature reciting that “whereas a practice has of late been introduced of taking bonds, commonly *151 ^called judgment bonds, with condition for the payment of money, and a general power to any attorney to appear and suffer judgment to pass against the obligor in any court of record in this colony, in such manner as the attorney thinks proper, thereby ratifying the same, and releasing all errors either in the proceedings or record of the judgment; which practice must be attended with ill consequences, debtors having no previous notice of the time and place of rendering such judgments, whereby they are deprived of an opportunity of making discounts appear against the bond, and are first put to unnecessary law charges, and then obliged to enter into expensive chancery suits for relief:” Ror remedy whereof it was enacted, ‘ ‘that from henceforth all powers of attorney for confessing or suffering judgment to pass by default or otherwise, and general releases of error to be made or given, by any person or persons whatsoever in this colony, before action brought, shall be and they are hereby declared to be absolutely null and void; and if any attorney shall presume to appear for a defendant under such power, he shall for every offence forfeit and pay the sum of five hundred pounds to such defendant.” 5 Hen. St. at Large p. 240, 'i'i 4 and 5. This law continued in force, without any very material charge, until the Code of 1849 took effect. It was embodied in the Code of 1819 in the following form, ch. 128, | 106: “A judgment, or confession, shall be equal to a release of errors; but all powers of attorney for confessing or suffering judgment to pass by default or otherwise, and all general releases of error made or to be made, by any person or persons whatsoever within this commonwealth, before action brought, shall be and are hereby declared to be absolutely null and void. ’ ’ Ch. 76, § 12; “If any attorney, or other person practising as an attorney, shall presume to appear under any power of attorney, made before action brought, for confessing or suffering judgment *to pass by default or otherwise, for any defendant in any court of record in this commonwealth, such attorney shall for every such offence forfeit and pay fifteen hundred dollars to such defendant,” &c. These provisions of the Code of 1819 were omitted in the Code of 1849, not by inadvertence but by design ; the revisors having appended to their report, p. 826, ch. 164, § 12, this note: “Section 12, 1 R. C. p. 270, is omitted as of no value. We do not perceive any good reason why a power of attorney to confess judgment should not be lawful before a writ is sued out as well as after. It .is contemplated to omit also the provision on the same subject in 1 R. C. p. 512, ‘i 106.” The omission of these provisions in Code of 1849, and the general repealing clause contained in chap. 216, § 1, operated as a repeal of the said provisions and a restoration of the common law. The provision in the Code, chap. 16, £ 19, that ‘ ‘when a law which may have repealed another shall itself be repealed, the previous law shall not be revived without express words to that effect, unless1 the law repealing it be passed the same session,” does not apply to the case, but only to a case in which one statute repealing another is itself repealed. When a statute changing the, common law is repealed, the common law is restored to its former state. I am therefore of opinion the judgment is not invalid on the ground first mentioned.
Secondly, Is it invalid because it was confessed by an attorney in fact?
That a judgment may be confessed in court by an attorney in fact, is a proposition which cannot now be successfully denied. Such has been the uniform practice in this county from the earliest period down to the present time. It is referred to in the following terms in 1 Rob. Pr. old ed. p. 268: “It frequently happens that the defendant confesses judgment without being present in court, and without having-any attorney at law to make *the confession for him. This is effected by a power of attorney under the hand and seal of the defendant, whereby he constitutes some particular person his attorney to make the confession. This power of attorney states the style of the suit, the name of the court in which it is pending and the amount for which judgment is to be confessed. Upon the power of attorney being produced in court and proved by an attesting witness, the confession is entered accordingly.” In Robinson’s Rorms, p. 71, No. 49, a form is given of such a confession, which has no doubt been generally used since it was published. In Calwells v. Shields, &c., 2 Rob. R. 305, a judgment confessed by an attorney in fact was the subject of controversy, but the validity of the judgment was not questioned in the' argument of counsel, which was very elaborate, nor in the opinion of the court. On the contrary both seemed to proceed on the assumption that the judgment was valid. That the legislature, with a full knowledge of the universality of this practice, has never prohibited or changed it, amounts almost to a statutory confirmation.
Then may not a judgment be confessed in the clerk’s office by an attorney in fact? That it may, is not shown by long practice as in the case of a judgment confessed in court, because confessions in the office are of comparatively recent origin. Until 1819 a judgment could only be confessed in court, and a debtor in custody was often subject to long confinement before he could confess judgment and take the benefit of the insolvent laws. To remedy that evil, an act was then passed, providing that any person in custody, in any civil action, on any original or mesne process, and desirous to avail himself of the privileges thereby given to insolvent debtors, may confess judgment in the clerk’s office, at any time during vacation, for the whole amount of the plaintiff’s demand in his writ or declaration set forth and costs, or such *part thereof as the plaintiff may be willing to accept a judgment for. Such judgment so confessed shall be entered of record by the *152 clerk, shall be final, shall have the same validity as if entered in open court; and the defendant may .thereupon discharge himself from confinement in the same manner as if the judgment had been rendered in court. 2 R. C. p. 585. Under this act the judgment would of course be confessed by the defendant in person; as, being in custody, he would of necessity be present;' and therefore the question never arose whether the confession could be by an attorney in fact. In 1840, however, an act was passed making it lawful for a defendant in any suit, either at law or in equity, to confess a judgment or decree in the clerk’s office of the court in which the same may have been instituted, for the whole amount of the plaintiff’s demand with costs, or for such part thereof as the plaintiff in person or by attorney may be willing to take judgment or decree for, &c. Acts of 1839-40, p. 46. But this act remained in force a very short time, having been repealed by the act of March 20, 1843. Sess. acts p. 50, l 4. There was no law for confessing a judgment in the clerk’s office except the 1st section of the last mentioned act" which confined the right to a defendant in actual custody under original or mesne process, as under the act of 1819 before mentioned. And such continued to be the law until the Code of 1849 took effect; in which there is this provision—-“In any suit a defendant may confess a judgment or decree in the clerk’s office for so much principal and interest as the plaintiff may be willing to accept a judgment or decree-for. The same shall be entered of record by the clerk in the. order or minute book, and be as final and as valid as if entered in court on the day of such confession, except merely that the court shall have such control over it as is given by the last section of this chapter;” being the section giving *the court control over all proceedings in the office during the preceding vacation, as before stated. This provision has ever since been in force, and the question I am now considering arises under it.
Why may not a judgment as well be confessed in the clerk’s office under this provision, as in court under the common law, by an attorney in fact? There is at least as much reason in the former as in the latter case; and if the long acquiescence of the legislature in the uniform practice which has prevailed in the latter cáse amounts to a 'legislative sanction of it then it seems to follow that the legislature intended, by the provisions made on the subject in the Code, to authorize a confession to be made in the office bj- a defendant not onljr in person but by an attorney in fact. There is certainly nothing in the terms of the provision itself which excludes such an inference. It does not expressly say that the defendant may confess “in person or by attorney in fact” ; nor was that at all necessary. It was sufficient Only to say, as it does, that “in any suit a defendant may confess,” &c. ; and it was more natural that the idea should have been expressed in this brief way, seeing that to avoid the use of surplus words, was an object much aimed at by the revisors if not by the legislature. The maxim qui facit per alium facit per se applies to the case, unless the act be of such a nature that it cannot be done by an attorney in fact. It is a general rule of the common law that whatever a person sui juris may do of himself he may do by another. Story on Agency, 2, 6, 11. There are exceptions to the rule, but this case does not seem to be one of them. It does not seem that the act of confessing a judgment is of such a nature that it cannot be done by an attorney in fact. A man may do the most important acts, requiring the exercise of the greatest discretion by an attorney in fact. ' Why may he not do by the same agency this single simple *act of confessing a judgment? It is a mere ministerial act requiring the .exercise of no discretion, and no professional or other’ skill for its performance. Why ma3r it not be as well performed b3r an attorney in fact as a deed may be executed by an attorney in fact, and acknowledged b3’ him in court, or in the clerk’s office, or before a justice, &c.? It may be supposed to have been one of the objects of the legislature, in making this provision, to' save unnecessary expense to the parties; and to authorizei a debtor to give, and a creditor to receive, a confession of judgment in the office, without the intervention of an attorney at law. It says the judgment may be confessed “for so much principal and interest as the plaintiff may be willing to accept a judgment for.” May not the plaintiff signify his acceptance by an attorney in fact? and if so, why may not a defendant confess the judgment by such art attorney? Convenience requires that he should have such power, as much as it requires that a man should have power to make and acknowledge a deed by an attorney in fact. He may not be able to go to the office and confess judgment in person. He ma3r live, in a distant county. A judgment is a security, as much as a mortgage or deed of trust, and is often given for that .purpose, especially when it is confessed in the office; and it is required to be registered like a deed. Why may not all these securities be given in the same way?
But it is argued that the confession of a judgment, except by the defendant in proper person, is an act which belongs to the practice of the law, and as the law imposes a penalty on any person who shall practice law in any court of this State without being licensed, or without taking the oaths required to be taken by attorneys at law, it necessarily- prohibits the confession of judgment .by an attorney in fact. The same argument would apply at least as strongly to a confession in court as to a confession *in the office. But is the confession of a judgment except by a defendant in person, necessarily and exclusively in the province of an attorney at law.? It is an act often done by an attorney at law; and so is a deed often drawn and a debt often collected by an attorney1 *153 at law. Are these acts therefore exclusively within his province, and may not any other person draw a deed and collect a debt, and receive compensation for his services too, without incurring the penalty above mentioned? Why for the same reason, may not any other person confess a judgment under a power of attorney, especially when he does that without receiving any compensation for his services? The office of an attorney at law is to prosecute and defend suits, or, as it is expressed, “ad prosequendum, or defendendum, in any court.” 1 Com. Dig. Attorney B. 1. To confess a judgment, especially in the office, is neither to prosecute nor defend a suit, but to carry into effect an agreement of parties which can as well be carried into effect by laymen as by lawyers.
It is further argued that no English case can be found which recognizes the power to confess judgment by an attorney in fact, and that all the forms of warrants of attorney to confess judgment, contained in the English form books, refer to attorneys at law and not attorneys in fact. On the other hand it may be said that no English case has been found which denies the existence of such a power. It seems to be the general, if not universal practice in England, for attorneys at law and not attorneys in fact, to act under warrants of attorney to confess judgment; and therefore the forms of such warrants are so prepared in the English form books. They are generally addressed to certain attorneys, by name, of one of the courts, jointly and severally, or to any other attorney of the same court; and authorize them or any of them to appear for the defendant, as of the present or any subsequent term of the court, receive a declaration *for him in the action (describing it), and thereupon to confess the
same action, or else to suffer a judgment by nil dicit or otherwise to pass against him in the action; and after the judgment is entered they further authorize a release of errors to be executed: and a memorandum is endorsed on the warrant, in the nature of a defeasance, setting out any terms or conditions on which the warrant ma3r be given. Tidd’s Eorms 181, ch. 21. The propriety of addressing such a paper to an attorney at law, instead of an attorney in fact, is manifest from its terms. It contemplates the performance of acts which appropriately belong to the province of an attorney at law. But a mere confession of judgment which a defendant may and often does give in proper person, is a very different and a very simple thing, and may as well be done by an attorney in fact. The form of such a confession is given in Tidd’s Forms p. 185, ch. 22; and in Bingham on Judgments p. 35, 13 Law Library. At common law, as a general though not universal rule, a party could prosecute or defend his suit, only in proper person. By the statute of Westm. 2 (13 Edw. 1) ch. 10, a general liberty was given to the parties of appearing by attorney. 1 Tidd’s Prac. 92, ch. 4. But a party may still prosecute or defend his suit in proper person, if he chooses to do so; which however he rarely does, as it is an act requiring professional skill. The mere confession of a judgment however, being an act which requires no professional skill, is generally done by the party in proper person ; and not being within the peculiar province of an attorney at law, may be done by an attorney in fact, according to the general principle that what a man does by another he does himself. This I think has always been the law, and of course was so even before the stat. of West. 2, ch. 10.
It is further argued that the law as it was before the Code of 1849 was adopted, imposed a penalty on attorneys *at law only, for confessing judgment under a power made before action brought, which showed the intention of the legislature that such attorneys only, and not attorneys in fact should confess judgments, otherwise the object of the law would be frustrated by the confession of judgment by attorneys in fact under a power made before action brought. The answer to this argument is, that the evil intended to be remedied by the act of 1744, 5 Hen. St. p. 239, before referred to, which was the origin of that law, was the practice which had previously ' prevailed of taking what were called judgment bonds with a general power to any attorney to appear and suffer judgment to pass against the obligor in any court of record in the colony; and therefore the law property imposed a penalty on any attorney who should act under such a power. But the law also declared the power null and void, so that it could not be frustrated by the appointment of an attorney in fact, who could no more execute a void power than an attorne3r at law.
Again it is argued that the legislature could not have intended to give the clerk the power to decide upon the sufficiency and proof of the power of attorney, and therefore the law makes no provision in regard to the manner in which such a power is to be proved. The power to take a confession of judgment is not greater than many powers which a clerk unquestionably' has. There is rarely if ever any difficulty in receiving a confession of judgment, as the power is generally plainly drawn, leaving no room for construction, and the clerk if he does not know the parties can easily satisfy himself as to their identity. And if he should make any mistake, or be imposed on in any way, his act is subject to the control of the court, which may set it aside or correct any mistake therein, and make such order concerning the same as may be just. It is said that at least the power of attorney ought to have been proved by an ^attesting witness, whereas, in this case, there was no attesting witness and no proof at all before the clerk of the execution of the power, which was simply received and filed by him. The law does not require that there should be an attesting witness, nor prescribe the mode of proof. 1 Tidd’s Pr. 546. The defendant in the action who moved to set aside the judgment, *154 admitted, on the trial of the motion, that the power of attorney was executed by himself and his co-defendant on the day of its date, and did not pretend .that it was executed under any mistake or misrepresentation, or that the debt was not justly due; but based his claim for relief solely on the ground, of mere technicalities.' I think they do not sustain it, and that the law' as well as the justice of the case is against him. I am therefore of opinion to reverse the judgment of the Circuit court and affirm that of the County court.
The other judges concurred in the opinion of Moncure, J.
Judgment reversed.