The Fla. Fer. and Manu. Co., v. Boswell—Syllabus.

THE FLORIDA FERTILIZER & MANUFACTURING COMPANY, A
CORPORATION CREATED AND EXISTING UNDER THE LAWS
OF FLORIDA, PLAINTIFF IN ERROR, VS. CLARENCE A. BOS-
WELL, DEFENDANT IN ERROR.

JURY—NUMBER OF JURORS IN CIVIL CASES.

1. Between the 13th June, A. D. 1892, and the 3rd June, A.
   D. 1899, there was no general statute in Florida fixing the
   number of petit jurors in civil cases, and between those
   dates a jury of twelve men—the common law number—
   was requisite in civil cases where parties had a constitu
   tional right to a jury, and where the requisite number was
   not waived.

2. Where a jury trial was had in a civil case on the 22nd March,
   1899, by a jury of six men in a case in which a defendant,
   a corporation, was entitled to a jury of twelve men, at
   which trial the defendant was not present, either in per-
   son or by attorney, and nothing was done by it to waive
   the right to a jury of twelve men, and a writ of error was
   sued out from the judgment rendered against it, in proper
   time, and the record proper shows the above facts, and
   the defect in the number of jurors is assigned as error,
   the judgment will be reversed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Polk County.

S. Y. Finley, for Plaintiff in Error;

No appearance for defendant in Error.

## STATEMENT.

The defendant in error brought an action of assumpsit against the plaintiff in error alleging in a special sit aggainst the plaintiff in error alleging in a special count that the defendant was indebted to the plaintiff on the third of December, A. D. 1898, in the county of Polk "in the sum of $1,053.00, the price and value of 4,212 pounds of tobacco at 25 cents per pound—f. o. b. at Bartow, Florida, which the plaintiff bargained, sold and delivered to the defendant at its request."

The defendant in error brought an action of assumpstated and a count for money received, laying damages at $1,000.00. The declaration was filed 6th of March, 1899.

On the seventeenth day of March, 1899, the defendant (the plaintiff in error here) filed a plea alleging in substance that it kept an office for the transaction of business at Gainesville, Alachua county, Florida, and did not have or usually keep an office for the transaction of its customary business in the county of Polk, concluding with a verification.

On the same day the plaintiff (defendant in error here) filed a replication denying that the defendant did not keep an office for the transaction of its customary business in the county of Polk, alleging that it had an agent, to-wit: L. W. Cowdery, at Lakeland in Polk county. 

The record then shows the following proceedings: "The above cause being called up for trial, the defendant and its counsel being absent, and the plaintiff being represented by counsel, announced ready for trial; then came a jury of good and lawful men, to-wit: W. J. Durrance, J. R. Davis, G. L. Altman, Thomas Hancock, J. E. Lancas-

ter and E. J. Wilson who, being duly tried, elected and sworn according to law, and after hearing the evidence, argument of counsel and charge of the court, retired to their room to consider of their verdict, and afterwards returned into the court room with the following verdict, to-wit: 'We, the jury, find the issue on the plea in abatement for the plaintiff, and assess his damages at four hundred and fourteen dollars and fifty-nine cents; so say we all.'

W. J. DURRANCE,<br>Foreman.

Whereupon it is ordered and adjudged that the plaintiff Clarence A. Boswell do have and recover of and from the defendant The Florida Fertilizer & Manufacturing Company, a corporation, the sum of four hundred fourteen and forty-nine hundreths dollars, and also the further sum of $7.45 as plaintiff's costs herein expended.

March 22, 1899."

From the foregoing judgment a writ of error was issued from this court.

The only assignment of error is that the record shows that the issues were tried and verdict was rendered by six men, whereas by the law of the land the case ought to have tried by a jury of twelve men.

HOCKER, J. (after stating the facts.)

By the common law the number of jurors required for petit juries (except special cases) is twelve. 5 Bacon's Abridgment, 314.

It is provided in section 59 Revised Statutes that "the common and statute laws of England which are of a general and not of a local nature, with the exceptions hereafter mentioned, down to the 4th day of July, 1776, be and the same are hereby declared to be of full force in this State; provided the said statutes and common law be

not inconsistent with the constitution and laws of the United States, and the acts of the legislature of this State."

Section 12 of Art. VI of the constitution of 1868, as amended in 1875, provides that "grand and petit jurors shall be taken from the registered voters of the respective counties. The number of jurors for the trial of causes in any court may be fixed by law."

The 6th Section of Chapter 3010, laws of 1877, provides: "Twelve men shall constitute a jury to try all capital cases, and six men shall constitute a jury to try all other offenses prosecuted by indictment, presentment or information, and to try all civil causes within the jurisdiction of the Circuit Courts of this State." This act was held constitutional in Gibson v. State, 16 Fla. 291.

Section 38 Art. V of the constitution of 1885 provides: "The number of jurors for the trial of causes in any court may be fixed by law, but shall not be less than six in any case."

The 6th section of Chap. 3010, laws of 1877, continued of force in all cases until the Revised Statutes of Florida went into effect on the 13th day of June, 1892. The only general provision of the Revised Statutes relating to the number of jurors for the trial of causes is contained in section 2854, and that section is as follows: "Twelve men shall constitute a jury to try all capital cases, and six men shall constitute a jury to try all other criminal cases." Every statute of a general and permanent nature, enacted by the State of Florida, or by the Territory of Florida, and *every part* of any such statute not included in the said Revised Statutes or recognized and continued in force by reference therein was repealed by the act adopting the Revised Statutes, approved June 8th, 1891, except statutes passed at the legislative session of 1891.

It is therefore evident that the provision of the 6th section of the act of 1877, providing the number of jurors in civil cases, was repealed by the adoption of the Revised Statutes.

Provisions restoring the jury of six men in civil causes, are contained in Chapters 4717 and 4735 laws of 1899, approved and becoming effective on June 3rd, 1899. Between this latter date and June 13th, 1902, when the Revised Statutes went into effect, there was no general statute fixing the number of jurors in civil cases. This is a case in which the defendant had a constitutional right to have the issues tried by a jury, and is unlike the case of Blanchard v. Raines' Ex., 20 Fla. 467. Under these circumstances we think the common law, fixing the number of jurors in such cases, was in force. It seems to be the doctrine in those States of our Union, which have adopted the common law as the basis of their legal systems, that when a statute changing the common law is repealed the common law is restored to its former state. Insurance Co. of the Valley of Va. v. Barley's Adm'r. 16 Gratt., 363, text 384; Mathewson v. Phoenix Iron Foundry, 20 Fed. Rep. 281; State v. Rollins, 8 N. H. 550. Nor does section 62 of the Revised Statutes, providing that no statute of this State which has been repealed shall ever be revived by implication, prevent such restoration of the common law. Insurance Co. of the Valley of Va. v. Barley's Admr. *supra*.

In the case at bar the judgment was entered on 22nd of March, 1899, on a verdict of a jury consisting of six men. A writ of error was sued out in proper time, and the record itself shows the above facts. The defendant was not present either personally or by counsel, and did nothing, so far as the record shows, by which it might be inferred

19 S C

that he waived his right to a trial of the issues in the case by a jury of the legal number of jurymen. Powell on App. Pro. 96. Section 1085 Revised Statutes provides "when both parties in an action at law agree to a trial without a jury, the judgment shall be as effectual as upon verdict." The fact that there was an attempt to empanel a jury shows that there was no waiver of a jury. Oldham v. Hill, 5 J. J. Marshall, 300; Hinchly v. Machine, 15 N. J. L. 476; 5 Bacon's Abr. 314; Evans v. Gee, 11 Pet. 80, text 85. In the last case it was held that inasmuch as the defendant went to trial upon the merits he waived the the objection to a jury of only 11 men.

The judgment is reversed and a new trial awarded.