SHOLLAR CRATE AND BOX COMPANY, INC., a corporation, v. ELLIS R. PASSMORE, NATURAL MORTGAGE COMPANY, a corporation, and A. D. WENTWORTH, as Special Master.

4 So. (2nd) 530

Division B

Opinion Filed November 14, 1941

*Russell Snow* and *Lloyd Campbell,* for Appellant;

*Hubert E. Griggs* for Appellee Ellis R. Passmore, *John D. Shepard* for Appellees National Mortgage Company and A. D. Wentworth, as Special Master.

TERRELL, J.—In August, 1940, appellant recovered a judgment against Ellis R. Passmore in a common law action for $563.94 and immediately placed execution in the hands of the sheriff who levied on certain personal property of defendant. Passmore being the head of a family, claimed his exemption as provided by Sec. 1, Art. X of the Constitution and Sec. 5787,

Comp. Gen. Laws of 1927. His inventory showed his personal property to be worth $982.30.

In January, 1941, appellant filed its bill of complaint in the Circuit Court attacking the truthfulness of Passmore's inventory. It was charged that the inventory did not list all his personal property, that certain properties owned by him at the time were not listed, that he concealed other properties and that the properties not listed and concealed constituted a selection *pro tanto* as property exempt from levy and sale under execution. Florida Loan and Trust Company v. Crabb, *et al.,* 45 Fla. 305, 33 So. 523, is relied on to support this contention.

The bill of complaint also alleged that in June, 1939, Passmore and his wife executed a mortgage to appellee, National Mortgage Company, covering all personal property which might then or later be placed on the premises described in the mortgage and that the mortgagees were foreclosing said mortgage, that a final decree had been secured and that the property was being advertised for sale at the time appellant filed its bill of complaint. Appellant was made a party defendant in the foreclosure suit of National Mortgage Company. Appellant's bill of complaint prayed that the master be restrained from selling the personal property described in the inventory of Passmore. A hearing was had and the chancellor permitted the sale to be made subject to confirmation after the disposition of the cause on the merits.

Passmore and National Mortgage Company filed separate answers to the bill of complaint. Passmore attached a new inventory to his answer. On final hearing, much testimony was taken as to the value of the properties listed in Passmore's inventory and

those not listed which consisted of the personal truck and automobile, a pledged note and some book accounts on which a little cash was paid. The chancellor held that these did not exceed one thousand dollars and that appellant was not entitled to the relief prayed for.

Out of this state of facts, a dozen or more questions are posed for us to answer but they all turn on whether or not Passmore failed to list and value correctly certain of his properties and bound himself in so doing. Or stated more accurately, did Passmore have more than one thousand dollars in personal property?

This is the sole theory on which the equity of the bill of complaint is predicated. No fraud on the part of Passmore is charged and no attempt was made to prove fraud. We are further of the view that after appellant's bill of complaint was filed and equity assumed jurisdiction, all proceedings in the matter prior thereto became of no importance since the chancellor was authorized to adjudicate Passmore's exemption.

We understand Florida Loan and Trust Company v. Crabb, *et al., supra,* to mean that the *pro tanto* theory is applicable only when there is a secreting of assets which remain concealed. In this case, no assets were concealed and no attempt was made to show concealment. The bill of complaint does not bring appellant within the rule in the Crabb case and if it did, we find no evidence to support its contention. Nor do we find any evidence which indicates that Passmore had more than the constitutional exemption at any time during this litigation.

On the question of whether the value of the prop-

erties listed in the inventory is fixed at the date of filing same or at the date of the hearing of the equity suit, it is sufficient to say that the Constitution is silent on this point but we understand it to mean that the debtor is at all times entitled to the exemption provided. That was true when the sheriff made his levy and when the finding of the chancellor was made. There must be more than one thousand dollars worth of personal property before an execution reaches anything and the exemption is constant. Weis v. Levy, 69 Ala. 209; Dean v. King, 35 N. C. 20, 25 C. J. 92.

On careful survey of the whole record, we are impressed that the complainant failed to make out its case. Issues were made by the bill and answers that were not proven and there is a complete lack of evidence to show that Passmore had more than one thousand dollars worth of personal property.

We are also impressed with the view that the issues in this case might have been appropriately settled in the National Mortgage foreclosure suit. The appellant and all parties interested were made parties to that suit and the court had jurisdiction of them and the subject matter.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, J. J., concur.