PIERCE, Judge.
Appellant Rockow, plaintiff below, filed his amended complaint in the lower Court alleging that appellee-defendant Hendry’s cattle crossed the boundaries of Rockow’s land and destroyed part of his pepper crop. In count 2 Rockow alleged that Hendry’s cattle had crossed over onto his property on numerous occasions and destroyed part of his crop; that peppers are still growing thereon; and that he is without legal remedy save by injunction. Rockow prayed for a temporary and permanent injunction against Hendry. He did not allege that his land was fenced or otherwise enclosed.
Upon hearing on the temporary injunction the Court ruled that Florida was still an “open range” state when §§ 828.06, 821.34 and 821.35 are read in conjunction with chapter 588 F.S. As Rockow was unable to plead further the Court dismissed the complaint with prejudice and Rockow has appealed.
The only question on appeal is whether Florida is an “open range” state in areas where the Warren Act (chapter 25236, Laws of Florida, 1949, §§ 588.12-588.25 F.S.) and special legislation prohibiting livestock from running at large do not apply.
Rockow contends that with the repeal of §§ 588.02-588.06 F.S. by § 9, chapter 25357, Laws of Florida, 1949, the English common law rule that an owner of cattle, while having no obligation to fence them in, was bound to keep them contained at peril or suffer damages for trespass, prevails in Florida. We agree.
Hendry argues that the old English common law regarding cattle running at large was never adopted as a part of the Florida common law and that Florida has its own “peculiar common law.”
*718 A careful reading of the opinion in Savannah, F. & W. Ry. Co. v. Geiger, Florida 1886, 21 Fla. 669, relied on by Hendry, indicates that the common law had been in effect in Florida and was changed by legislation enacted by the Legislative Council of the Territory of Florida. On page 682 of that landmark opinion Justice Raney who delivered the opinion of the Court, after discussing the common law, said:
“It is material to inquire at this point whether or not the above principles of law which unquestionably require an owner of stock to keep them off another’s land in so far as the rights and property of such other person are concerned, are as to cattle and other stock of the kind mentioned in the declaration, still in force in Florida.” (Emphasis supplied).
This abrogation of the common law was recognized in Seaboard Air Line Ry. Co. v. Coxetter, 1922, 82 Fla. 414, 90 So. 469, on page 472, where the Court said:
“In many jurisdictions in this country, however, this rule at common law has been greatly relaxed, due in a measure to the general conditions and custom permitting animals to roam at large on un-inclosed premises without respect to ownership of such premises. In others it has been modified by statute. This is true in this state. This court so held in the case of Savannah, etc., Ry. Co. v. Geiger, 21 Fla. 669, 58 Am.Rep. 697. Speaking through Mr. Justice Raney, after referring to numerous statutes regulating fences against animals and kindred subjects, the Court said:
‘Nothing is clearer than that the purpose and effect of all this legislation were not only to change the common law and require of every landholder or other person that he should fence out his neighbor’s and every one else’s stock, if he desired protection against damage from them, but also to establish and protect a right in resident owners of stock for their cattle and other domestic animals to range and graze on all uninclosed lands free of charge, and without any liability for any damage resulting from their going upon or grazing on any lands whatsoever not inclosed by a lawful fence. No special interest is of much if any more moment to our State, and none elicited earlier legislative attention than stock raising.’ ” (Emphasis supplied.)
Other Florida opinions in discussing Savannah, supra, stated:
“The common-law rule making it unlawful and a trespass for live stock belonging to one person to go upon the uninclosed premises of another has been changed in this state by legislative action. See Savannah, F. & W. Ry. Co. v. Geiger, 21 Fla. 669, 58 Am.Rep. 697; * * *
Dutton Phosphate Co. v. Priest, Fla. 1914, 67 Fla. 370, 65 So. 282, 285.
“But as early as 1886 it was said by this court, in Savannah, F. & W. Ry. Co. v. Geiger, supra, that this common-law rule had been abrogated in Florida by a legislative policy which recognized that, the stock raising industry then being of such importance to the State, resident owners of livestock had the right for their cattle and other domestic animals to range and graze on all unenclosed lands, even upon the lands of another, without liability for damage resulting therefrom.”
Harris v. Baden, 1944, 154 Fla. 373, 17 So.2d 608, 612.
It is clear that the old English common law rule regarding the roaming of cattle was therefore in effect in Florida until it was changed by the enactment of the statute of June 11, 1823 (carried forward into § 588.03, F.S., now repealed, and F.S. §§ 588.01, 588.07 and 588.08 F.S.A.) and other statutes referred to in Savannah, supra.
In Blood v. Hunt, 1929, 97 Fla. 551, 121 So. 886, 890, Justice Whitfield, (who wrote *719 a commentary on the Legal Historical Background of the State of Florida in the 1920’s, Compiled General Laws of Florida, 1927, Compact Edition, pp. 1-191; Revised by Allen Morris, 1 F.S.A. pp. 57-121), stated:
“When the Spanish provinces of East and West Florida were transferred to the United States in July, 1821, pursuant to the treaty of cession dated February 22, 1819, and proclaimed as ratified February 22, 1821, the civil law of Spain was in force in the provinces. But upon the transfer of the possession of the ceded provinces by Spain to the United States, the laws of the latter country became operative throughout the ceded territory. Apalachicola Land & Development Co. v. McRae, 86 Fla. 393, 448, 98 So. 505; page 4762, Comp.Gen. Laws Florida 1927.
While the law of the territories of the United States may in general be composed of applicable principles of the common law where such principles are not inconsistent with the organic and statutory laws of such territories or of the United States, yet, in order to avoid confusion and hardships that would arise from a sudden change of laws affecting personal and property rights, some rights acquired according to the civil law that was in force in East and West Florida at the time of the cession to the United States were recognized or validated in the ceded territory by laws enacted or by authority exercised under the United States. * * * ”
In Hart v. Bostwick, Fla.1872, 14 Fla. 162, 173, the Court said:
“The common law of England and the statutes in aid thereof, down to the 4th year of James I., was adopted by the Legislature of Florida on the second day of September, 1822, to take effect in East Florida Oct. 1, 1822. (Laws of 1822, p. 53). Again, the common and statute laws of England were enacted by the Legislature June 29, 1823, by the statute now found in Thompson’s Dig., 21. (See laws of 1823, p. 11).”
See also Menendez v. Rodriguez, 1932, 106 Fla. 214, 143 So. 223, 225; 1 F.S.A. p. 92, Legal Background to the Government of Florida.
Turning now to the question of whether the repealing of F.S. §§ 588.02-588.06, F.S.A. had the effect of réverting to the old English common law rule, we find that our Supreme Court has expressed itself on this subject in regard to other repealed statutes. In Florida Fertilizer & Mfg. Co. v. Boswell, 1903, 45 Fla. 301, 34 So. 241, it was said:
“It seems to be the doctrine in those states of our Union which have adopted the common law as the basis of their legal systems that, when a statute changing the common law is repealed, the common law is restored to its former state, (citing cases).”
And in North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849, 853, Justice Roberts, speaking for the Court, said:
“Upon repeal of the statute in 1955, the common law of the state as it existed prior to the act was revived. Florida Fertilizer & Mfg. Co. v. Boswell, 45 Fla. 301, 34 So. 241.”
We do not find that F.S. §§ 828.06, 821.34 and 821.35, F.S.A., referred to by the able trial Judge, when read in conjunction with chapter 588 F.S., would indicate that Florida is an “open range” state. F.S. § 588.03 F.S.A. specifically relieved the owner from liability for the trespass of his livestock, and with the repeal of that section, as well as F.S. §§ 588.02, .04, .05 and .06, F.S.A., Florida ceased to be an “open range” state.
Because the stock raising industry is of such paramount importance in the agri-business of Florida, we consider that our decision herein involves a question of great public interest, and we would therefore not be averse to certifying it as such for re *720 view by the Supreme Court of Florida in the event the aggrieved party herein should seek such review, as provided by Art. V, Section 4(2) of the Constitution of Florida, F.S.A.
The order dismissing plaintiff’s complaint is reversed and the cause remanded for further proceedings.
Reversed and remanded.
LILES, A. C. J., and MANN, J., concur.