288 So.2d 196 (1973)
Theodore J. HORNE, Jr., Appellant,
v.
William MARKHAM, Etc., Appellee.
No. 43613.
Supreme Court of Florida.
December 5, 1973.
Rehearing Denied February 5, 1974.
*197 Robert S. Korschun, Miami, for appellant.
Gaylord A. Wood, Jr., Martin Cohen, Fort Lauderdale, for appellee.
BOYD, Justice.
This cause is before us on appeal from the Circuit Court, Broward County. In its final judgment the trial court, inter alia: 1) construed Article VII, Section 6, of the Constitution of the State of Florida, F.S.A.;[1] and, 2) passed upon the validity of Section 196.131, Florida Statutes, 1971, F.S.A.,[2] giving this Court jurisdiction of the direct appeal under Article V, Section 3(b)(1), of the Constitution of the State of Florida.
The facts, as found by the trial court, are as follows:
"This cause was heard by the Court without a jury on February 16, 1973. The facts were stipulated and testimony was offered in augmentation and addendum. From the evidence, it is undisputed that Plaintiff taxpayer received a supplemental notice to renew his application for Homestead Exemption on or about March 21, 1972. Plaintiff inadvertently set aside the renewal application until April, 6, 1972, five (5) days after the April 1 deadline for such filing found in Section 196.131, Florida Statutes, at which time he mailed the application to the Tax Assessor. Plaintiff received notice of the Tax Assessor's disapproval of the late application and was heard by the Board of Tax Adjustment which denied Plaintiff's application.
"Plaintiff's position is that Plaintiff has an absolute right to a Five Thousand Dollar Homestead Exemption and that the Tax Assessor may not deny an application for Homestead Exemption without prior notice and hearing under the Due Process Clauses of the United States and Florida Constitutions.
"Plaintiff also alleges that Section 196.131, Florida Statutes, requiring each Homestead applicant to file no later than April 1 is arbitrary and unreasonable, and thereby in conflict with the Due Process Clauses of the United States and Florida Constitutions.
"Defendant contends that the disapproval of Plaintiff's application by the Tax Assessor was a mere tentative administrative determination which automatically brings the application before the Board of Tax Adjustment in accordance *198 with Section 196.151, Florida Statutes. Defendant argues that the quasi-judicial hearing which Plaintiff received before the Board of Tax Adjustment satisfied the requirements of the Due Process Clauses.
"Defendant also alleges that the April 1 deadline set by the legislature is neither arbitrary nor unreasonable, but is authorized both by the state's police power and by Article VII, Section 6 of the Florida Constitution. He further argues that in accordance with Article VII, Section 6, Plaintiff has no absolute right to Homestead Exemption unless he establishes that right as prescribed by law."
On the basis of the foregoing facts, the trial court held as follows:
"1. Article VII, Section 6 of the Florida Constitution does not establish an absolute right to a five thousand dollar exemption from taxation, but provides that taxpayers who otherwise qualify shall be granted an exemption only `upon establishment of right thereto in the manner prescribed by law'.

"2. Plaintiff failed to establish his right to Homestead Exemption for 1972 by failing to file his application by April 1, 1972, as required by Section 196.131, Florida Statutes. Furthermore, Plaintiff failed to offer any legal excuse or justification for his failure to file as required by law.

"3. The April 1 filing deadline in Section 196.131, Florida Statutes, is not unconstitutional under the Due Process Clauses of the Florida or United States Constitutions. Plaintiff failed to establish that such date was in any manner arbitrary or unreasonable. On the other hand, Defendant offered lengthy testimony establishing that the April 1 date was necessary in order to comply with the Tax Assessor's duty to complete the tax roll by July 1 of each year pursuant to Section 194.011, Florida Statutes.

"4. The decision of the Tax Assessor disapproving plaintiff's late application was a tentative administrative decision which did not require prior notice or hearing, and would not have deprived Plaintiff of any right without Due Process of Law, even if the Homestead Exemption from taxation were an absolute right. No homestead application can be denied except by final action of the Board of Tax Adjustment. See Florida Statutes, Section 196.151 (1971).
"5. Plaintiff received adequate notice and opportunity to be heard in a quasi-judicial proceeding by the Board of Tax Adjustment before denial of his 1972 Homestead Tax Exemption. Also, Sections 194.032(3) and 196.151, Florida Statutes, accord Plaintiff the right to be accompanied by counsel at said hearing. The requirements of the Due Process Clause must be tailored to the circumstances of the situation and do not require a prior judicial hearing nor even a prior administrative hearing in all situations. See Goldberg v. Kelly, 379 U.S. 254, 264, 90 S.Ct. 1011, 1018, 25 L.Ed.2d 287, 297 (1970). Nevertheless, in the instant case Plaintiff was clearly afforded a hearing which comported with the procedural requirements of the Due Process Clauses of the Florida and United States Constitutions.
"6. Plaintiff has no standing to raise the constitutionality of Section 196.011, Florida Statutes 1971, since that Statute does not deal with Homestead Tax Exemptions and Plaintiff was in no way affected by the operation thereof." (Emphasis supplied.)
Accordingly, the trial court held that plaintiff's 1972 application for homestead exemption had been properly denied by the Board of Tax Adjustment.
It is appellant's position that the trial court erred in holding that neither the action of appellee in this case, nor Sections 196.131(1)(a) and 196.151, Florida Statutes, *199 F.S.A., deprived appellant of a property interest without due process of law, in contravention of the State and Federal Constitutions. More specifically, appellant argues that the denial of his application for the homestead tax exemption by the appellee, without a prior hearing of any kind, denied him due process of law. Additionally, he argues that the foregoing sections of the Florida Statutes are unconstitutional, in that they failed to provide for procedural due process of law. Appellant also contends that the trial court erred in holding that the April 1 deadlines, contained in Sections 196.011, 196.131 and 196.151 of the Florida Statutes, F.S.A., do not contravene or conflict with the due process of law clauses of the State and Federal Constitutions. Here, appellant argues that the April 1 deadlines are arbitrary, unreasonable, oppressive and deny due process of law, and, additionally, argues that the waiver provisions of the foregoing sections of the Florida Statutes are unconstitutional and contravene the due process of law provisions of the State and Federal Constitutions.
Appellant's contention that he has an absolute right to a homestead exemption is without merit. As properly noted by the trial judge is his order, Article VII, Section 6, of the Constitution of the State of Florida, F.S.A., does not establish an absolute right to a homestead exemption. Rather, it clearly provides that taxpayers who otherwise qualify shall be granted an exemption only "upon establishment of right thereto in the manner prescribed by law". In this case, of course, "the manner prescribed by law" is set forth in Chapter 196, Florida Statutes, 1971, F.S.A. Here, as noted by the trial judge, plaintiff simply failed to file his application for a homestead exemption in a timely manner, as required by said Chapter. Therefore, the appellant, who has failed to follow the Florida Constitutional "requirement" in Article VII, Section 6, cannot be heard to complain of being denied the dependent Florida Constitutional "right" contained in same. And certainly, under the circumstances, appellant has no greater "right" to a homestead exemption under the Federal Constitution.
Appellant's contention that the April 1 deadline, contained in Chapter 196, is arbitrary and unreasonable, and thereby in conflict with the Due Process Clauses of the Florida and Federal Constitutions, is, similarly, without merit. As the trial judge noted, appellant failed to establish that such date was, in any manner, either arbitrary or unreasonable. To the contrary, it was established by lengthy testimony on behalf of appellee that the April 1 deadline was necessary to comply with the Tax Assessor's duty to complete the tax roll by July 1 of each year, as required by Section 194.011, Florida Statutes, F.S.A. One wonders how a Federal Court might receive an analogous argument made by a hypothetical taxpayer who had missed a certain April 15 deadline  we assume the reception would be a chilly one, since, be it our April 1 deadline for homestead exemption, or the Federal April 15 deadline for income tax, the deadlines involved in either case clearly suffer no constitutional deficiencies.
As to the remainder of appellant's constitutional attacks upon both the substance and procedure of Chapter 196, Florida Statutes, F.S.A., we find that these, too, are without merit. The trial judge, in paragraphs 4-6 of his final judgment, noted above, gave an able and accurate explanation of the manner in which Chapter 196, Florida Statutes, F.S.A., provides both substantive and procedural due process under both the State and Federal Constitutions. We agree entirely with his analysis therein.
Accordingly, the judgment of the trial court is, in all respects, affirmed.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, McCAIN and DEKLE, JJ., concur.
NOTES
[1] Said Section provides, in pertinent part: "Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of teh owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law... ."
[2] Said Statute provides, in pertinent part: "Each taxpayer who claims said exemption shall file one of said forms, properly filled out and executed, with the assessor on or before April 1 of each year; and the failure to do so shall constitute a waiver of said exemption for such year... ."