402 So.2d 1166 (1981)
Cassie JOHNS, Appellant,
v.
Peggy Jo MAY, et al., Appellees.
No. 58448.
Supreme Court of Florida.
July 23, 1981.
Rehearing Denied September 23, 1981.
*1167 R. Stephen Miles, Jr. of Miles & Cumbie, St. Cloud, for appellant.
James E. Foster of Fishback, Davis, Dominick & Bennett, Orlando, for appellees.
ADKINS, Justice.
This is a direct appeal from a decision of the Circuit Court for the County of Osceola, Ninth Judicial Circuit, which upheld the constitutionality of section 222.06(1), Florida Statutes (1979). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
This case reaches the Court as the result of a denial of appellant's motion for stay order, which motion sought to stay and enjoin the sheriff from carrying out the forced sale of appellant's automobile. Prior to making this motion, appellant had filed an affidavit and inventory in an apparent attempt to comply with the requirements of section 222.06(1), Florida Statutes (1979), which provide as follows:
(1) When a levy is made by writ of execution, writ of attachment, or writ of garnishment upon any personal property, money, choses in action, or other property of a personal nature which may be exempt from levy and sale by any process upon which levy shall have been made, the debtor, if he wishes to claim such property as exempt from sale, as aforesaid, shall make or cause to be made, within 10 days from the date of the levy, an inventory of the whole of his personal property, affixing thereto true and correct cash valuations thereof; shall attach to such inventory an affidavit made by himself or his attorney or authorized agent that the inventory contains a true and correct list or schedule of all the personal property owned by him in this state, and the true cash value thereof; and shall in such schedule designate which property he claims to be exempt or wishes to have set aside as his exemption.
(Emphasis supplied.)
The notice of levy was given on November 20, 1979, indicating that appellant's automobile would be sold on January 6, 1980. Appellant filed her affidavit and inventory with the court on December 10, *1168 1979. Subsequently, she filed the motion for stay order, in which it was claimed that section 222.06(1) was void and unconstitutional insofar as it deprived her of a constitutional exemption from forced sale by limiting the period of time within which an exemption could be claimed. The court denied this motion. Appellant filed a motion for rehearing, adding to her original argument that the exemption from forced sale in article X, section 4, Florida Constitution, differed from the homestead exemption in article VII, section 6, Florida Constitution, in that there is no language in the former requiring the establishment of right thereto in a manner prescribed by law as is present in the latter. Although the court's order on motion for stay order did not specify its reason for denial, appellant inferred that the court had relied on appellee's contention at the original hearing that the two provisions were analogous.
The aforementioned constitutional provisions, in relevant part, are as follows:
SECTION 4. Homestead; exemption.  (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family.
.....
(2) personal property to the value of one thousand dollars.
Art. X, § 4(a), Fla. Const.
SECTION 6. Homestead exemptions. 
(a) Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law.
Art. VII, § 6(a), Fla. Const.
Appellant claims that section 222.06(1) arbitrarily and unreasonably deprives the head of a family of the constitutional right to a personal property exemption without due process of law and in violation of the equal protection guarantees of the state and federal constitutions. Appellee counters that there is a rational basis for the law, thus making it constitutionally sound.
In Horne v. Markham, 288 So.2d 196 (Fla. 1973), this Court was confronted with a question of a similar nature, specifically whether the right to a homestead exemption from taxation provided for in article VII, section 6, Florida Constitution, was an absolute right or whether it was subject to statutory conditions, specifically those contained in section 196.131, Florida Statutes (1971), mandating the completion of the exemption form by March 1 of each year. We held that the statutory conditions were a legitimate exercise of a legislative prerogative enacted upon the authority of that part of section 6 specifically providing for the establishment of right thereto in the manner prescribed by law. We stated that the manner prescribed by law was contained in section 196.131 and that failure to comply with its directive constituted a waiver of the right to the exemption for that year.
This case, however, presents a slightly different situation from Horne. The constitutional provision at issue here does not contain a clause specifically granting the legislature the right to prescribe the manner of establishing entitlement. Article X, section 4, merely states that there shall be exempt personal property to the value of one thousand dollars. The question before the Court is whether this difference in constitutional language is significant.
Initially, it should be noted that the Court is not unmindful of its previous decisions concerning the personal property exemption. On various occasions we have held that this exemption is of a status equal to that of homestead exemption; West *1169 Florida Grocery Co. v. Teutonia Fire Insurance Co., 74 Fla. 220, 77 So. 209 (1917); that it could not be defeated by laches, McMichael v. Grady, 34 Fla. 219, 15 So. 765 (1894); and that it is at all times available to the debtor, Shollar Crate & Box Co. v. Passmore, 148 Fla. 466, 4 So.2d 530 (1941). All these cases were, however, decided prior to the enactment of chapter 79-396, Laws of Florida, which added the ten-day requirement to section 222.06(1).
These cases do not stand for the proposition that any law effecting the implementation of this provision is outside the realm of legislative power. Some procedure had to be established for the effectuation of the personal property exemption. The appropriate body to establish this procedure was the legislature. This has been done in section 222.06 by requiring the preparation of an inventory with the affixing of values, the preparation of an affidavit that the inventory contains a true and correct list, the designation of which property is claimed to be exempt, the filing of the inventory and affidavit in court, and the notice of contest. Without such a standardized procedure, it is difficult to imagine how this constitutional right could be effectuated.
Petitioner attaches importance to the failure of section 4 to contain a specific authorization that the manner of its implementation be the subject of general law. However, such language is not essential. The constitution is the framework of the government containing the general principles upon which the government must function. City of Jacksonville v. Continental Can, 113 Fla. 168, 151 So. 488 (1933). It is not designed to provide detailed instructions for the method of its implementation. This must of necessity be left up to the legislature.
The test to be applied to determine if a particular statute is in violation of the due process clause is whether it bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary, or oppressive. Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974). We find that a reasonable relationship exists for this statute, to wit, the establishment of procedure whereby an individual will be afforded an opportunity to assert a right to a personal property exemption while at the same time providing an orderly mechanism for the holding of a sheriff's sale. Without a time limitation a person claiming an exemption could wait until the day of the sale before claiming his exemption. The legislature may have thought that allowing the election to occur at such a late time would prove too disruptive. As a practical matter, advertising and storage can take approximately thirty days from the seizure of the property until the date of sale. We cannot say that there is no rational basis for such a temporal requirement.
The Court has considered appellant's other arguments and believes them to be similarly without merit.
The judgment of the circuit court is affirmed.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.