847 So.2d 1105 (2003)
Robert O. POWELL and Ann S. Powell, Appellants,
v.
William MARKHAM, Judith M. Fink, and James A. Zingale, Appellees.
No. 4D02-3754.
District Court of Appeal of Florida, Fourth District.
June 18, 2003.
*1106 Harry S. Raleigh, Jr. of Niles, Dobbins, Meeks, Raleigh & Dover, L.L.P., Fort Lauderdale, for appellants.
Gaylord A. Wood, Jr. and B. Jordan Stuart of the Law Offices of Wood & Stuart, P.A., Fort Lauderdale, for appellees William Markham and James A. Zingale.
PER CURIAM.
The Powells filed suit against the Broward County Property Appraiser, the Broward County Revenue Collection Division, and the state Department of Revenue ("the Defendants") challenging the failure to apply the Article VII, Section 4 value assessment cap ("Save Our Homes" cap) to the increase in the assessed value of their home. The Defendants won a motion for judgment on the pleadings and the Powells appeal.
The Powells purchased their Fort Lauderdale home in 1990. Since the time of the purchase, it has been their primary residence and they have occupied the home continuously. In 2001, the Powells received notice that their ad valorem property taxes would increase more than $10,000. On September 17, 2001, they filed their first application for homestead exemption on the property. Their homestead exemption application was approved for tax year 2001.
The Save Our Homes provision states:
[a]ll persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment.
Fla. Const. art. VII, § 4(c) (amended 1998).
The Powells contend that the trial court erred in concluding that they could not seek the Save Our Homes cap. They argue that the cap applies to persons "entitled to" a homestead exemption, and they were entitled to a homestead exemption from the time they bought the home, even though they never filed papers. The Defendants argue that entitlement to the homestead exemption is governed by statute, which requires that an application be made by March 1 of the year for which the taxpayer intends to claim the exemption, and the failure to timely file results in a waiver for the given year. Accordingly, the resolution of this case depends on the meaning of the word "entitled" as used in the Save Our Homes provision.
The fundamental object in construing a constitutional provision is to ascertain and give effect to the intentions of the framers and adopters, and constitutional provisions must be interpreted in such a manner as to fulfill this intention rather than to defeat it. In construing particular constitutional provisions, the object sought to be accomplished and the evils sought to be remedied should be kept in mind by the courts, and the provisions should be so interpreted as to accomplish, rather than to defeat such objects.
State ex rel. Dade County v. Dickinson, 230 So.2d 130, 135 (Fla.1970); accord Metropolitan Dade County v. City of Miami 396 So.2d 144, 146 (Fla.1980).
The purpose of the Save Our Homes cap "is to encourage the preservation of homestead property in the face of ever increasing opportunities for real estate development, and rising property values and assessments." Smith v. Welton, 710 So.2d 135, 137 (Fla. 1st DCA 1998); Op. Att'y Gen. Fla. 02-28 (2002). With that in *1107 mind, we conclude that entitlement to a homestead exemption, for the purpose of seeking application of the Save Our Homes cap, is not limited to homeowners that have actually applied for and been granted a homestead exemption, but includes all homeowners who qualify for and thus are entitled to a homestead exemption.
We reject Defendants' argument that Horne v. Markham, 288 So.2d 196 (Fla. 1973) is controlling here. As set forth in Horne, a property owner seeking a homestead exemption must comply with requirements "prescribed by law," such as filing a timely application. 288 So.2d at 200. That is not the issue before this court. The Powells do not seek a homestead exemption for the year 2000; they seek application of the Save Our Homes cap to the increase in the assessed value of their home in that year. Thus, their compliance with the filing requirements of section 196.011 is irrelevant here. See § 196.011, Fla. Stat. (2002).
REVERSED and REMANDED with instructions to reinstate the Powells' complaint.
GUNTHER and FARMER, JJ., concur.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would affirm. In my judgment, the Powells do not qualify for "save our homes" treatment for the 2001 tax year because they did not timely apply for a homestead exemption.
While the benefits of article VII, section 4(c) of the Florida Constitution apply to all persons "entitled to" a homestead exemption under section 6, section 196.011(1)(a), Florida Statutes, provides that the homestead exemption is available only to those who apply for it by March 1. The statute also states that failure to timely file results in a waiver.
Although referencing a different provision of article VII, the supreme court, in Horne v. Markham, 288 So.2d 196 (Fla. 1973), rejected the assertion that article VII, section 6 creates an absolute right to the exemption, recognizing that section 6
clearly provides that taxpayers who otherwise qualify shall be granted an exemption only "upon establishment of right thereto in the manner prescribed by law". In this case, of course, "the manner prescribed by law" is set forth in Chapter 196, Florida Statutes ....
Id. at 199. I would not impose a more restrictive reading of article VII here.
By failing to timely apply for the exemption, the Powells waived their right to any constitutional tax benefits they would otherwise be entitled to because they failed to establish their right thereto, "in the manner prescribed by law."